CITY OF HOLYOKE *vs.* HADLEY COMPANY.

Hampden.     September 26, 1899. — October 20, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Way — Prescription — Laying out and Acceptance by Town — Guaranty — Evidence — Notice to Landowner of Taking — Nuisance — Personal Injuries — City — Negligence — Joint Tortfeasors — Action.*

In an action by a city to recover the amount of a judgment paid by it for an accident upon a highway, a record produced in evidence showed that, when it was a town the selectmen in a year named laid out the way and that their report was accepted by the town, " provided that " a certain water company " guarantee to the town all the rights necessary to enter the canals to rebuild the bridges across the same," and there was evidence that since that year the city had exercised the right to enter canals and rebuild bridges across them many times, with the acquiescence of the corporation named, which stopped its water and lowered the canal for that purpose. *Held,* that this fact, coupled with the assumption of responsibility for the way by the city warranted the inference that the condition was complied with ; and preliminary proof that a supposed written guaranty had been lost or could not be found was unnecessary.

That the lay out does not coincide with the actual course of a highway on which an accident happens is immaterial, if the evidence shows that it embraces the place of the accident.

The fact that notice to owners of land taken for a highway in a town which afterwards became a city was given as required by Gen. Sts. c. 43, § 61, may be presumed or inferred from evidence that the way has been used for fifty years and repaired by the city, and that the city has exercised rights which the town required a water company to guarantee as a condition to the acceptance of the laying out of the way.

After a way has been laid out a person cannot prescribe for a right to discharge water thereon from his premises so as to create a public nuisance.

As against an abutter a city has a perfect right to make a level sidewalk, although by so doing it makes precautions on his part necessary to prevent a nuisance.

If the negligence of a city, which has paid a judgment against it for injuries caused by a defect in a highway created by a third person, consists merely in the failure to discover and remedy the defect, it may recover over against such person.

A city, which has paid a judgment against it for an accident caused by a defect in a highway created by a third person, is not precluded from recovering over against such person because the relation of landlord and tenant might have prevented a recovery against him by the injured person.

TORT, to recover the amount paid by the plaintiff upon a judgment obtained against it by one Elizabeth Chagnon in an action for personal injuries caused by a defect in a highway. Trial in the Superior Court, before *Maynard,* J., who directed

the jury to return a verdict for the defendant; and reported the case for the determination of this court. The facts appear in the opinion.

*A. L. Green*, for the plaintiff.

*W. H. Brooks*, (*W. Hamilton* with him,) for the defendant.

HOLMES, C. J. This is an action to compel the defendant to make good the amount which the plaintiff has paid upon a judgment in favor of one Elizabeth Chagnon against it for an accident upon a highway. The accident was a fall due to an accumulation of ice, which the plaintiff alleges to have been caused by the discharge of water from a spout on a building belonging to the defendant. At the trial in the Superior Court the judge ruled that the defendant had a right to discharge the water as it did, and that the plaintiff and defendant were joint tortfeasors, and on these grounds directed a verdict for the defendant and reported the case. If either ruling was right, or if Elizabeth Chagnon could not have maintained an action against the present defendant, and if, in that case, as matter of law, her inability would prevent the city from recovering, judgment is to be entered on the verdict; otherwise judgment is to be entered for the plaintiff.

In our opinion neither of the foregoing rulings was warranted upon the evidence. In support of the former it is urged, in the first place, that it did not appear that the place of the accident was a highway. But there was evidence of its having been used as a highway for the last fifty years, and of its having been repaired by the city, and it properly would have been found to be a highway by prescription if no record had been produced. *Commonwealth* v. *Coupe*, 128 Mass. 63. A record was produced, however, showing that the selectmen of the town of Holyoke in 1860 laid out the way, and that their report was accepted by the town, " Provided that the Holyoke Water Power Company guarantee to the town all the rights necessary to enter the canals to rebuild the bridges across the same." It is objected that no written guaranty was proved. But without considering whether the word "guarantee" was used in a popular or a legal sense, or what, precisely, was necessary to satisfy it, there was evidence that since 1860 the city had exercised the right to enter canals and rebuild bridges

across them, many times, with the acquiescence of the Holyoke Water Power Company, which stopped its water and lowered the canal for that purpose. This fact, coupled with the assumption of responsibility for the way by the city, warranted the inference that the condition was complied with. It is urged that there must be proof that the document has been lost or cannot be found, before other evidence is admissible. But that is a mistake. The contents of the supposed document are not material. The material fact is that a guaranty was given which was accepted by the town as sufficient to satisfy its condition. That is a fact resting in parol, and may be proved in any way. See also *Loomis* v. *Wadhams*, 8 Gray, 557, 562; *Clarke* v. *Warwick Cycle Manuf. Co., post*, 434. It is suggested, further, that the lay out does not coincide with the actual course of the street. But the evidence showed that at all events it embraced the place of the accident. Finally, it is objected that it does not appear that notice to owners of land taken was given as required by Gen. Sts. c. 43, § 61, Rev. Sts. c. 24, § 67. But on the evidence that might be presumed or inferred. See *Brock* v. *Old Colony Railroad*, 146 Mass. 194, 195.

At the time of the lay out the defendant had not discharged water through this pipe long enough to acquire a right by prescription. After the lay out it could not prescribe for a right to discharge the water in such a way as to create a public nuisance of this sort. *New Salem* v. *Eagle Mill Co.* 138 Mass. 8. The authority of this decision is not impaired by *Attorney General* v. *Revere Copper Co.* 152 Mass. 444. (It is not argued that the jury might not have found that this discharge did create a nuisance. *Wenzler* v. *McCotter*, 22 Hun, 60.) Even if there were only a highway by prescription, as the use of the way began before the defendant's building was put up, it would seem that the highway must have been established before the necessary time had elapsed to gain the right to discharge the water, if the land under the sidewalk belonged to others than the defendant. If it belonged to the defendant, the defendant was simply doing as it saw fit with its own until the highway was established; and the accident of the defendant's mode of use of its own premises would not affect

the extent of the public right acquired. It is not necessary to consider further whether the establishment of a highway would or would not *ipso facto* put an end to rights the exercise of which would create a nuisance in the way.

It appears by the evidence that the water originally was carried across the sidewalk by an iron pipe, which seems to have been a surface pipe, or, at least, likely to cause passers to stumble; that about 1877 the city took up this pipe and substituted an open gutter, and that later it levelled the sidewalk. Formerly there was no sewer in the street. Now there is one. Thus it will be seen, in addition to what has been said already, that the modes of discharge have been different, — perhaps too different to add the time of one mode to that of another, — and that probably the original mode was a nuisance for a different reason from that which made or might be found to make the latest mode one. We may add that we do not perceive an assent to the nuisance on the part of the city. As against the defendant the city had a perfect right to make a level sidewalk, although by so doing it made precautions on the defendant's part necessary in order to prevent a nuisance.

Then as to the second ruling reported. It is well settled that the city is not precluded from recovering against the active cause of the injury by being in a certain sense a joint tortfeasor. If its negligence consists merely in the failure to discover and remedy a defect in a highway created by a third person, although it is liable to a traveller who is injured, it may recover over. *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24. *Lowell* v. *Glidden*, 159 Mass. 317, 319. It is said that the city caused the accumulation of ice by turning up a ridge of snow at the curb and thus preventing the water from running off. What would be the effect of the fact supposed, if it were proved, we need not consider, as there was ample evidence that the ice was due to the spout, either alone or combined with causes with which the city had nothing to do, and there was some evidence that the snow plow could not run at that place on account of trees. The alleged special finding of the jury in the former case, that the nuisance was caused in part by water which flowed through the conductor or spout seems to mean, not that it was so caused only in part, but

that it was so caused at least in part. It certainly does not mean anything which helps the defendant.

There remains the question whether the plaintiff is prevented from recovering on the ground that Elizabeth Chagnon could not have recovered. There seems to be no doubt that the defendant had charge of the spout, which was on the outside of a block of tenement houses. It would be a strong thing to say that Mrs. Chagnon gave up any of her rights as a traveller when on the highway because as tenant she took the premises as she found them. But however that may be, and if that relation would have precluded her from recovering against her landlord, we are of opinion that the city has a right independent of subrogation. As we understand the decisions, it has a special interest arising out of its statutory liability which the law will protect. *Andover* v. *Sutton*, 12 Met. 182, 189. *New Salem* v. *Eagle Mill Co.* 138 Mass. 8, 10. In *Rochester* v. *Campbell*, 123 N. Y. 405, the primary duty to keep the way in repair was on the plaintiff, and the defendant would not have been liable to any one for the accident.

*Judgment for the plaintiff.*