BOSTON WOVEN HOSE AND RUBBER COMPANY *vs.* EDWARD KENDALL & others.

Middlesex.    January 10, 1901. — March 2, 1901.

· Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A machine maker of established reputation who on an order from a manufacturer makes and delivers a machine to be used for a certain purpose, with a defect obvious upon inspection, is liable to such manufacturer for the amount of damages lawfully paid by him to his employees injured by an accident, caused by the negligence of such manufacturer in using the machine for the purpose for which it was ordered without a previous inspection.

A manufacturer of rubber goods ordered from a boiler maker of established reputation a boiler that would stand a working pressure of a hundred pounds, for the purpose of devulcanizing rubber by means of naphtha vapor. The boiler maker accepted the order and made and delivered a boiler, which was defective by reason of the construction of the hinge of its door, which prevented such door from being screwed tightly enough against the packing. The defect was patent and would have been discovered by inspection. The manufacturer without inspection proceeded to use the boiler for devulcanizing rubber, whereupon at a pressure of seventy-five pounds the packing blew out, allowing the naphtha vapor to escape and cause an explosion, in which several of the manufacturer's employees were injured. The manufacturer, on the ground that he was liable to his injured employees on account of his negligence in failing to inspect the boiler, paid them the damages to which they were entitled and sued the boiler

maker to recover the amount thus paid. *Held*, that on these facts a verdict for the plaintiff could be sustained, on the ground that the plaintiff's failure to inspect the boiler before using it was due to the warranty or representations of the defendant, the consequences of the false warranty being not too remote. Whether the injured workmen could have recovered against the boiler maker directly, and whether such liability of the defendant is a necessary condition of a recovery over, as by the plaintiff in this case, *quære.*

Where it was material to show, that the maker of a certain boiler was notified that it was to be used for experiments in a certain patented process to be conducted by the patentee, it was *held* that the letters patent could be introduced in evidence as a foundation for testimony of the patentee that he told the boiler maker of the use for which the boiler was wanted.

Upon the issue whether a certain explosion was caused by the defective construction of the hinge of the door of a boiler which prevented such door from being screwed tightly enough against the packing, *semble*, that it may be competent to show that experiments two or three months later with a similar boiler, and with all conditions similar except the hinge, did not result in an explosion.

CONTRACT OR TORT, with a count in each, to recover $5,-634.41 paid by the plaintiff to certain of its employees injured by an explosion of naphtha vapor caused by a defect in the door of a boiler made by the defendants. Writ dated October 21, 1898.

At the trial in the Superior Court, before *Sherman*, J., it appeared, that the plaintiff was a manufacturer of rubber goods of all kinds in Cambridge, and that the defendants were manufacturers of boilers also in Cambridge; that the plaintiff ordered of the defendants an iron boiler known as a vulcanizer which would stand a working pressure of one hundred pounds to the square inch of surface; that the defendants accepted the order and undertook to manufacture the boiler in a good and workmanlike manner; that the defendants delivered the boiler, which the plaintiff accepted and set up on its premises.

The plaintiff's experts testified that the defect in the boiler consisted in the hinge of the door of the boiler being constructed in such a way that it prevented the door from pressing the packing tightly enough against the face of the boiler to withstand the internal pressure of seventy-five pounds, at which pressure the packing blew out and allowed the naphtha vapor to escape, and that such defect was a sufficient and adequate cause for the blowing out of the packing at a pressure of seventy-five pounds, and that the defect could have been remedied by enlarging the holes in the ears of the hinge or by using a smaller hinge pin.

It further appeared, that, in consequence of this defect, while the boiler was in use the naphtha vapor escaped and entered the boiler room and other parts of the plaintiff's premises and ignited and caused an explosion, whereby certain persons in the employ of the plaintiff were injured while in the exercise of due care; that the plaintiff, relying upon previous business experience with the defendants and on their general reputation as reliable manufacturers, failed and neglected to inspect the boiler before the explosion occurred, and failed and neglected to discover or remedy the defect, which the plaintiff could have discovered and remedied before the explosion occurred by the exercise of due care and diligence; that the plaintiff was under a legal obligation to compensate its employees; that it duly notified the defendants that it would hold them responsible; that it paid certain sums of money to its injured employees amounting in all to the sum sued for.

At the close of the evidence, the defendants asked for many instructions, which were refused by the judge, presenting the contentions of the defendants which are stated in the argument of their counsel.

The jury returned a verdict for the plaintiff for the full amount claimed; and the defendants alleged exceptions. These exceptions are stated in the opinion of the court.

*A. Hemenway,* (*H. S. MacPherson* with him,) for the defendants.

1. This is a case wherein the plaintiff seeks indemnity from the defendants for what the plaintiff was bound in law to pay, and did pay, as damages for the plaintiff's own negligence. *Nashua Iron & Steel Co.* v. *Worcester & Nashua Railroad,* 62 N. H. 159. *Old Colony Railroad* v. *Slavens,* 148 Mass. 363, 366, and cases there cited.

2. The plaintiff's own evidence shows that, notwithstanding the defendants' alleged negligence, the plaintiff, at and before the time of the accident, could have prevented the accident by ordinary care. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123, 131. *Fletcher* v. *Boston & Maine Railroad,* 1 Allen, 9, 15.

3. Since, notwithstanding the defendants' negligence, the plaintiff, by ordinary care at the time of the accident, could have prevented the accident, the plaintiff's misconduct in not

so preventing the accident was the cause of the accident, and the plaintiff cannot recover from the defendants. *Nashua Iron & Steel Co.* v. *Worcester & Nashua Railroad*, 62 N. H. 159, and authorities cited therein.

4. The plaintiff's negligence in not discovering and remedying the patent defect is not excused in law by the alleged reliance upon the defendants, for the plaintiff was bound in law to use the due care, *i. e.*, ordinary care, which the plaintiff admits would have enabled it to discover and remedy the defect. The use of the boiler laden with naphtha gas under eighty pounds pressure, and without inspection to see that the contents were securely shut in, was a fault, a misfeasance, on the plaintiff's part, and prevents it from recovering for the defendants' prior negligence. *White* v. *Winnisimmet Co.* 7 Cush. 155, 160, 161. *Smith* v. *Smith*, 2 Pick. 621, 624. *Lucas* v. *New Bedford & Taunton Railroad*, 6 Gray, 64, 72, and cases there cited. *Clark* v. *Barrington*, 41 N. H. 44, which cites *Ingalls* v. *Bills*, 9 Met. 1. *Palmer* v. *Andover*, 2 Cush. 600, 604, 605, 610, and cases cited. *Tucker* v. *Henniker*, 41 N. H. 317.

5. As the plaintiff's evidence shows that ordinary care by the plaintiff would have prevented the explosion, the plaintiff cannot recover upon the contract of warranty the damages claimed. Sutherland, Damages, (2d ed.) § 88, and the authorities there given, amongst which is *Loker* v. *Damon*, 17 Pick. 284, relied upon by the court in *Dodd* v. *Jones*, 137 Mass. 322, and cases cited.

*C. Reno*, for the plaintiff.

HOLMES, C. J. This is an action to recover damages which the plaintiff had to pay to its employees for personal, injuries caused by an explosion of a boiler made by the defendants. The facts may be stated in a few words. The defendants, who were first class boiler makers, undertook to make for the plaintiff a boiler which would stand a working pressure of one hundred pounds, and, on the plaintiff's testimony, understood that the boiler was to be used to contain naphtha vapor for experiments in devulcanizing india rubber. An experiment was tried, and, at a pressure of less than one hundred pounds, the naphtha vapor blew out the packing between the door and the end of the boiler by the side of the hinge, escaped into the air, ignited and caused

the damage for which the plaintiff had to pay.    According to the plaintiff's evidence the accident was due to an improper construction of the hinge, which, by not having play enough, prevented that part of the door which was nearest to it from being pressed close to the boiler end by clamps which were used for that purpose.

At the trial the defendants asked many rulings and took many exceptions, but in the main they are condensed by the present argument in the general proposition that inasmuch as the plaintiff could not have been compelled to pay its workmen except on the ground that it had been wanting in due care, it cannot hold the defendants answerable for what would not have happened if the plaintiff had done its duty.    The case is treated by the defendants' counsel as if it stood on the same footing as one where a plaintiff seeks to recover for personal injuries to himself to which his own negligence has contributed.    But the judge allowed the plaintiff to recover a verdict on proving as it did to the satisfaction of the jury that it was liable for the damages which it paid, and also that although negligent as toward its servants it had shown all the care which the defendants had a right to expect.

We are fully aware of the difficulties in the way of holding a person liable for damage when the tort of another has intervened between his act and the result complained of.    *Glynn* v. *Central Railroad,* 175 Mass. 510, 511, and cases cited.    Nevertheless it is held by our decisions that in some cases of that sort there may be a recovery, and this seems to be recognized in the case upon which the defendants chiefly rely.    *Nashua Iron & Steel Co.* v. *Worcester & Nashua Railroad,* 62 N. H. 159.    The defendants, to bring themselves within the distinctions there taken, insist that we must assume that the plaintiff here might have prevented the accident by ordinary care, because it must have been held liable on the ground of a want of such care, and that, in such a case at least, it cannot make the defendants indemnify it.

We are of opinion that the plaintiff is entitled to hold its verdict, and that if indemnity ever is to be recovered, short of an express contract of insurance, for what is in form the result of a tort on the plaintiff's part, this case belongs to the class in which

it should be allowed.   The plaintiff's misconduct consisted in a failure to discover by inspection a defect in an article specially made for it and probably not falling within the exceptional rule as to well known articles made by reputable makers and sold in the market ready for use.   *Shea* v. *Wellington*, 163 Mass. 364, 369.   Such a failure might make the plaintiff answerable to its men, but even if its conduct be called want of ordinary care, it was induced, as we must assume after the verdict, by the warranty or representations of the defendants.   The very purpose of the warranty was that the boiler should be used in the plaintiff's works with reliance upon the defendants' judgment in a matter as to which the defendants were experts and the plaintiff presumably was not.   Whether the false warranty be called a tort or a breach of contract the consequences which ensued must be taken to have been contemplated and was not too remote.

The fact that the reliance was not justified as toward the men does not do away with the fact that the defendants invited it with notice of what might be the consequences if it should be misplaced, and there is no policy of the law opposed to their being held to make their representations good.   See St. 1894, c. 522, § 29.   The New Hampshire decision is not against it, and there is an English case which went to the Court of Appeal which is very much in point.   *Mowbray* v. *Merryweather*, [1895] 1 Q. B. 857, [1895] 2 Q. B. 640.   It is intimated in that case that the workman himself could have recovered in the first place against the defendant.   Whether that is a necessary condition of a recovery over we need not consider.   See *Holyoke* v. *Hadley Co.* 174 Mass. 424, 428; *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley*, 171 Mass. 127, 134.   There are many cases in our own and other reports which offer as strong or stronger applications of the principle of liability over.   *Gray* v. *Boston Gas Light Co.* 114 Mass. 149.   *Churchill* v. *Holt*, 127 Mass. 165; *S. C.* 131 Mass. 67.   *Old Colony Railroad* v. *Slavens*, 148 Mass. 363.   *Holyoke* v. *Hadley Co.* 174 Mass. 424.   *Washington Gas Light Co.* v. *District of Columbia*, 161 U. S. 316, 327, 328.   *Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola*, 134 N. Y. 461.

Two exceptions were taken to the admission of evidence.   The first was to the admission of a patent for a process of devulcan-

izing india rubber by hot naphtha vapor under pressure, granted to Dr. Clark, for whose experiments the boiler was ordered. This laid a foundation for Clark's testimony that he notified the defendants of the use for which the boiler was wanted. The other exception was to letting in testimony that experiments two or three months later with a similar machine, and with all conditions similar except the hinge, did not result in an explosion. Evidence to the same point already had been let in before the exception was taken, and even if an exception properly were open we should hesitate to sustain it, considering that the result in some degree tended to confirm the theory that the construction of the hinge caused the trouble.

*Exceptions overruled.*