### THE LEWIS LUCKENBACH.

(Circuit Court of Appeals, Second Circuit. June 14, 1913.)

### No. 188.

INDEMNITY (§ 8*)—LIABILITY INCURRED BY CHARTERER THROUGH DEFECTS IN VESSEL'S FITTINGS—RECOVERY FROM OWNER.

Libelant chartered a steamship from respondent, which was to deliver and maintain it in a thoroughly efficient state in hull and machinery and pay and provision the officers and crew, while libelant was to load and discharge. A stevedore employed by libelant in loading was injured without fault on his part by the giving way of a crossback crossing a hatch by reason of the rusted and defective condition of the socket which supported one end, which defective condition had existed for a considerable time and could have been discovered by a reasonable inspection which libelant did not make. The stevedore brought an action against both libelant and respondent which they settled separately out

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of court, each receiving a receipt in full. *Held*, on the facts stated, that, while libelant was liable to the stevedore because of setting him to work in a dangerous place without proper inspection, the primary liability was that of respondent for failing to maintain the vessel in an efficient state as required by the charter; that the settlement did not debar libelant from the right to recover over against respondent on proof of such facts; and that the injured stevedore would have been entitled to recover at least the amount received in the settlements.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 10-15; Dec. Dig. § 8.*]

Appeal from the District Court of the United States for the Southern District of New York.

In Admiralty. Suit by the American-Hawaiian Steamship Company against the Steamship Lewis Luckenbach, Edgar F. Luckenbach, claimant. Decree for respondent, and libelant appeals. Reversed.

For opinion below, see 203 Fed. 76.

Burlingham, Montgomery & Beecher, of New York City, for appellant.

Peter S. Carter, of New York City (Everett Masten, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The suit is brought by the charterer of the steamship. The charter did not constitute a demise of the vessel; her officers and crew remained in charge and were paid by the owners, who agreed to maintain the ship "in a thoroughly efficient state in hull and machinery."

One Borst, a stevedore employed by the charterer, while seated on one of the strongbacks crossing the hatch for the purpose of assisting in the removal of the fore-and-aft pieces, was injured by reason of the strongback upon which he was sitting falling into the hold. He brought an action against the owners and the charterer, alleging that the owners had allowed the sockets which supported the strongback to become badly rusted and in such condition that they could not properly support the strongback. He further alleged that the charterers had failed to make proper inspection to see whether the place at which they set him to work was a safe one. This action was settled by the two defendants independently but "at the same time"; the owners paid Borst $1,000, the charterers paid him $5,000, and he gave a separate release to each of them.

The present libelant, the charterer, alleges that the accident to Borst was due to the failure of owners to maintain the ship in a thoroughly efficient state and asks to be reimbursed for the money it had to pay him for the damages he sustained.

From an examination of the record we are satisfied that the following facts are clearly established by the testimony; the District Judge apparently reached a like conclusion as to the facts: The strongback gave way because its supports, however good originally, had for a considerable time been defective and insufficient to support the weight

which they might be expected to bear. Such defect would have been apparent on inspection, but the charterer made no such inspection. Borst himself was not in any way negligent. His injuries were of a very serious character; his leg had to be amputated above the knee; and the amount $6,000 is a reasonable compensation for such injuries.

Had Borst tried his action he could undoubtedly have recovered against the charterer for putting him to work in an unsafe place, whose condition it might have discovered by the exercise of reasonable care. Under the charter party the primary duty to keep the supports of the strongback in repair rested upon the owners. They failed in their duty, and because of such failure Borst was injured. That he or some one else doing his work might be injured by the defect in the supports was a consequence reasonably to be anticipated by the owners. The parties are not in pari delicto and the libelant is entitled to recover from defendant the damages which it may have had to pay Borst in consequence of the unseaworthy condition of the supports. These propositions are abundantly supported by authority. Mowbray v. Merryweaher (1895) 1 Q. B. D. 857, affirmed (1895) 2 Q. B. D. 640; Scott v. Foley, 5 Commercial Cases, 53; Boston Woven Hose Company v. Kendall, 178 Mass. 232, 59 N. E. 657, 51 L. R. A. 781, 86 Am. St. Rep. 478; Brooklyn v. Brooklyn City Railway Company, 47 N. Y. 475, 7 Am. Rep. 469.

The trial judge dismissed the libel because the charterer had settled the case with Borst out of court, without giving notice to respondent that it proposed to settle, assuming that thereby the owner was deprived of the opportunity of litigating Borst's right to recover. We are unable to concur in this view of the situation. By settling the former action without notice or a trial, the charterer is in no position to contend that it has any adjudication or finding binding upon the owner as to any of the facts averred as a ground for recovery. The owner, however, had his day in court to litigate in this case every question as to Borst's right to recover at all and the measure of such recovery. The libelant assumes the burden of proving that Borst was not himself negligent; that he could have recovered against libelant if his cause had been tried; and that he would have recovered at least $6,000 as his damages. We think, however, that the libelant has sustained that burden of proof and has established these propositions.

The decree is reversed, with costs of this appeal, and cause remanded, with instruction to decree in favor of libelant for $5,000, with interest and costs.