EASTPORT WATER COMPANY *vs.* E. A. HOLMES PACKING COMPANY.

Washington.    Opinion June 8, 1922.

*To set aside a verdict it is not enough to show that it is clearly wrong. It must be shown to be manifestly wrong to the prejudice of the moving party. He must show that he is aggrieved by it.*

The readings of a water meter, which is shown by proof to be a correct measuring device of the water flowing through it, are competent evidence, but if it is found that it does not correctly register the amount of water flowing through it, such readings cease to be evidentiary.

When one would avoid a verdict, he must do more than to show it to be clearly wrong; he must show it to be manifestly wrong to his prejudice.

The trial court did not abuse discretion by admitting evidence of tests which consisted of the timing of the venting of water from the taker's side of a meter, under usual conditions; from which as a premise it was argued, as the conclusion of a mathematical proposition, that all the water for which the plaintiff had charged could not have flowed through the meter in the given period. The weight of that evidence was a question for the jury.

On exceptions and motion for new trial by plaintiff. This is an action in assumpsit on account annexed to recover for water furnished by plaintiff to defendant for two tenement houses for one year at a flat rate of $14.00 per year, and for 907,820 gallons at 45 cts. per one thousand gallons as excess water. Plea the general issue. The cause was tried to a jury and verdict of $42.62 was rendered for plaintiff. The plaintiff excepted to the admission of certain testimony, and filed a general motion for a new trial. Exceptions and motion overruled.

The case is stated in the opinion.

*Isaac W. Dyer and J. H. Gray*, for plaintiff.

*H. J. Dudley*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, WILSON, JJ.

DUNN, J. A semi-annual or flat rate of seven dollars entitled the defendant, as a consumer of the Eastport Water Company, to receive and use a stipulated quantity of water. For more, it was to pay forty-five cents for each one thousand gallons.

In this action the plaintiff sought to recover for the flat rates for two successive periods, and besides on a charge for 907,820 gallons of water, which latter will be referred to as the excess. The flat rates were alleged to have accrued, and the excess to have been supplied, within one year from September 1, 1920; the total debit of the account amounting to $422.52.

The kernel of the controversy was that for the excess. With regard thereto certain meter registrations were in evidence. The jury, evidently finding that those were incorrect, returned a general verdict for the plaintiff in the sum of $42.62. So far as it was intended to be inclusive of an allowance for excess, the verdict is plainly without a foundation in the record. The meter records comprised the sole evidence offered by the plaintiff on that point. This should have weighed for the readings of the meter dials, or not at all, as those readings were proved to be correct or incorrect. The measuring device employed was either right or wrong. If wrong, how far wrong could not be told. Surely, upon the submitted evidence, a finding that the meter was inaccurate was not palpable error. The

jury determined the meter to be partially wrong. But, in the very nature of things, the case was that of accepting the meter at its face, or of rejecting it altogether.

The statement that the verdict is contrary to evidence is not equivalent to saying that the plaintiff's motion for a new trial is sustainable. By whatever process of reasoning ultimate decision was reached, (and it is not shown that the conclusion was an unreasoned one), the verdict is not unjust as against the plaintiff. Concededly, the plaintiff was entitled to recover for the flat rates; namely, in the sum of fourteen dollars. It has the fourteen dollars, and more, in the sum awarded. Additionally, had there been proof, it would have been entitled to recover for the excess. The insuperable difficulty was the absence of proof. The jury, in the valid exercise of duty, regarded the meter as discredited, and there was nothing else by which to gauge the quantity of water supplied. True, as was in argument advanced, one fact may be inferred from another fact, but the inference must be from a fact already proved; a mere probability will not suffice. *Alden* v. *Maine Central Railroad Company*, 112 Maine, 515; *Mahan* v. *Hinds*, 120 Maine, 371. Still yet, when one would avoid a verdict he must do more than to show it to be clearly wrong; he must show it to be manifestly wrong to his prejudice. This plaintiff has not shown itself to be aggrieved. It has shown a wrong verdict, but not one doing it an injustice. *Marshall* v. *Baker*, 19 Maine, 402. *Stephenson* v. *Portland Railroad Company*, 103 Maine, 57. The error of which the plaintiff complains is one that, the meter figures being disregarded, gives it greater damages than it had a claim to by the remaining evidence. In this situation, the defendant, and not the plaintiff, is the injured litigant; and the defendant is uncomplaining. This error has left the plaintiff as uninjured as though it were a stranger to the record.

A reserved exception challenges the admissibility of the testimony of an official of the defendant corporation concerning certain tests made by him with regard to the flow of water. The tests consisted in the successive timing of the venting of one gallon of water through each of the only three supply-pipe faucets on the taker's side of the mooted meter, under usual conditions. Carried to logical premise, it was therefrom argued, as the conclusion of a mathematical proposition, that not nearly all the excess could have flowed through the meter in the given period, granting even a greater habitual use of

water than the evidence had disclosed. The testimony was competent, or, to speak in more approved phrase, the trial court did not abuse discretion in admitting it. *Boston Woven Hose Company* v. *Kendall*, 178 Mass., 232. The weight of that evidence was a question for the jury.

*Motion overruled.*
*Exception overruled.*