## DAYTON POWER & LIGHT CO. v. WESTINGHOUSE ELECTRIC & MFG. CO.

(Circuit Court of Appeals, Sixth Circuit.    March 9, 1923.)

No. 3739.

1. Sales ⬉442(9)—Master has action over against manufacturer, whose breach of warranty of machine causes injury to employé.

A master, paying damages to injured employé under a common-law liability, would have a right of action over against a manufacturer, who installed the machine causing the injury according to plans and specifications prepared by itself, with knowledge on its part of the conditions under which the machine would be operated, and that it would be dangerous to employés if not properly constructed, and with knowledge that the master relied on it to manufacture a machine which would not be dangerous, but which machine, in violation of a warranty, was inadequate and thus dangerous, the result being an explosion and injury.

2. Sales ⬉442(9)—Employer under Compensation Act had cause of action over against installer of dangerous machine, breaching warranty.

A manufacturer of electricity, who had complied with the Workmen's Compensation Act of Ohio, and had elected, under Gen. Code Ohio, § 1465—69, to pay directly the compensation required by law to be paid to injured employés in lieu of paying premiums to the Industrial Commission, and accordingly was compelled to pay directly to the employé compensation and certain sums for hospital, nursing, medical, and surgical services, and sums for permanent total disability, and will be compelled to pay compensation in the future, had an action over against the one who manufactured and installed the machine according to plans and specifications prepared by such manufacturer and installer, and with knowledge on its part of the conditions under which the machine would be operated, and that it would be dangerous to plaintiff's employees if not properly designed and constructed, and with knowledge that the employer relied on it to manufacture and install a machine which would not be dangerous to employés, but which machine, in violation of a warranty by the installer that it would meet the requirements, was inadequate for the purpose for which it was intended, and thus dangerous to employés, and due to which breach of warranty an explosion occurred.

In Error to the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Action by the Dayton Power & Light Company against the Westinghouse Electric & Manufacturing Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

⬉For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

Edwin P. Matthews, of Dayton, Ohio (W. M. Matthews and Matthews & Matthews, all of Dayton, Ohio, on the brief), for plaintiff in error.

Clan Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. This writ presents the single question whether a manufacturer of electricity doing business in Ohio, and who had complied with the Workmen's Compensation Act of that state, and had elected, under section 1465–69 of the Ohio General Code, to pay directly the compensation required by law to be paid to such of its employés as should be injured in the course of their employment, in lieu of paying premiums to the Industrial Commission, and had accordingly been compelled to pay directly to its employé, on account of injuries sustained by the latter in the course of his employment, occasioned by the explosion of a machine then being operated under normal conditions in plaintiff's factory, certain sums for hospital, nursing, and medical and surgical services rendered to said employé, and certain further sums on account of compensation for permanent total disability, and who will be compelled to pay said employé still further sums for the balance of the latter's life on account of his permanent total disability, has an action over against the one who manufactured and installed the machine according to plans and specifications prepared by such manufacturer and installer thereof, and with knowledge on its part of the conditions under which the machine would be operated, and that it would be dangerous to plaintiff's employés if not properly designed and constructed, and with knowledge that plaintiff relied upon it to manufacture and install a machine which would not be dangerous to plaintiff's employés, but which machine, in violation of a warranty by defendant that it would meet the requirements stated, was inadequate for the purpose for which it was intended, and thus dangerous and a menace to plaintiff's employés (of all of which plaintiff was unaware), and due to which breach of warranty the explosion and injury occurred. The court below answered this question in the negative, by sustaining a general demurrer to a petition stating facts which we have above summarized.

[1, 2] We are unable to concur in this opinion. Had plaintiff made to its injured employé the payments in question on account of a common-law liability therefor, it would clearly have a right of action over against the manufacturer the breach of whose warranty directly and proximately caused the injury. This proposition is too thoroughly established to justify numerous citations. We content ourselves with referring to the following which are cited by plaintiff, all of which are directly in point: Dushane v. Benedict, 120 U. S. 630, 636, 7 Sup. Ct. 696, 30 L. Ed. 810; Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 327 et seq., 16 Sup. Ct. 564, 40 L. Ed. 712; Boston Woven Hose, etc., Co. v. Kendall, 178 Mass. 232, 236, 237, 59 N. E. 657, 51 L. R. A. 781, 86 Am. St. Rep. 478; Travelers Ins. Co. v. Great Lakes Engineering Co. (C. C. A. 6) 184 Fed. 426,

431, 107 C. C. A. 20, 36 L. R. A. (N. S.) 60. The latter case does not fail of application from the fact that the action there was by the insurer against the representative of the insured, the negligence of which representative made the insured liable for the death of its employé. The underlying principle which sustained the insurer's right of action was that the employer had itself a right of action, the plaintiff therein being merely subrogated to the rights of the insured. At the common law, as well as under the Sales Act, the defendant here would, under the facts stated, be liable to all damages which directly and proximately resulted from the breach of warranty of the machine sold. To our minds the loss suffered by plaintiff on account of the statutory liability to its employé was no less direct and proximate than would be a liability at common law for negligence. The loss certainly has not failed of being proximate through the intervention of some unlooked-for element.

By electing to take the benefit of the provision referred to plaintiff was absolutely bound, as matter of law, to compensate its employé for his injury. A payment of compensation absolutely required by law, and because it is so imperatively required, can scarcely be other than a proximate and direct loss. Indeed, it is difficult to conceive how a liability could be more proximate, more direct and more immediate than one so created. Whatever might be the result had the payments been made out of the general funds in the possession of the Industrial Commission, created by contributions from employers generally—in the instant case plaintiff, and plaintiff alone, directly and immediately was subjected to a fixed legal liability for a loss in fact occasioned solely through the breach of the warranty in question. The sequence of cause and effect is clear. It is no answer to say that plaintiff need not have elected to make payments directly to its employé. It had so elected, and was bound by that election. When the injury occurred it was impossible to escape liability. The fact that the damages incurred by plaintiff through the payment of compensation under the act were special, rather than general, does not prevent their being the proximate result of the breach of warranty. Upon the proposition that plaintiff's loss incurred under the workmen's compensation act was the proximate result of the breach of defendant's warranty, the case of Mowbray v. Merryweather [1895] 2 Q. B. Div. 640, is in point, notwithstanding the English act gives the employer a right of action against a tort-feasor who causes injury to a workman, and notwithstanding, under the English act, negligence of the employer seems necessary to recovery by the employé. The action in Mowbray v. Merryweather was for breach of warranty.

Nor can we in principle see anything to distinguish the right of recovery over in the instant case from the right existing at common law. The mere fact that in the instant case the employé's legal right to compensation for his injuries was not based upon the fault or negligence of the plaintiff should not, on principle, and in the absence of statute providing otherwise, give the employer the less right to remedy over for a breach of defendant's warranty than were the employer's liability based on its own negligence.

Defendant cites in support of the action of the court below the

case of Interstate Telephone Co. v. Public Service Co., 86 N. J. Law, 26, 90 Atl. 1062. We cannot accept that case as persuasive authority in defendant's favor. In the first place, it is perhaps open to question whether the case is in point. It was an action for an injury to plaintiff's employé through the act of an independent tort-feasor, on account of which injury plaintiff was liable to compensate his employé under the Workmen's Compensation Act. That case did not involve right of action for breach of warranty. The present case does not involve the action of an independent tort-feasor, as did neither the Travelers' Insurance Co. Case, supra, nor Mowbray v. Merryweather, supra. The action here is based entirely on breach of warranty. In the next place, we are not impressed by the proposition, as applied to the instant case, that compensation paid to the employé for an injury suffered must be regarded purely as wages paid to that employé, on the theory that the loss to the employer represents the value of the services of the employé to him, and thus a part of the compensation for services rendered for which the employer receives an equivalent. True, the theory of Workmen's Compensation Acts is that the industry should bear the losses due to the employés' injuries, and that is the reason for making the employer liable to a stated and certain compensation, regardless of negligence; but the fact remains, as applicable here, that the employer is subject to a direct and complete loss to which he would not have been subjected, but for the breach of defendant's warranty.

The proposition that plaintiff is seeking to recover by virtue of the doctrine of subrogation is to our minds a misapprehension of the situation. The cause of action stated in the petition arises directly in favor of the employer by virtue of defendant's breach of warranty. It is thus not, in our opinion, important that under Ohio decisions an employé injured in the course of his employment by the wrongful act of a third person may maintain an action against such third person, unaffected either in amount of recovery or otherwise by the fact that he has received compensation under the Workmen's Compensation Act. We think it immaterial to the issues before us whether or not plaintiff's employé himself has a right of recovery against the defendant on the ground of the latter's negligence. That question is not before us. In the absence of statutory provision, as well as of controlling or persuasive authority to the contrary, we are constrained to hold that the petition in the instant case stated a cause of action.

The judgment of the District Court must be reversed, and the record remanded for further proceedings not inconsistent with this opinion.