GENERAL ANILINE & FILM CORP., Respondent, *v.* A. SCHRADER & SON, INC., Defendant, and R. C. NEAL COMPANY, INC., Appellant.

Third Department, June 1, 1961.

*Levene, Gouldin & Thompson* (*Robert H. Reeder* of counsel), for appellant.

*Harrison, Coughlin, Dermody & Ingalls* (*George L. Ingalls* of counsel), for respondent.

*Hinman, Howard & Kattell* for defendant.

*Per Curiam.* Appeal is taken by defendant R. C. Neal Company, Inc., from an order which denied its motion to dismiss the complaint as against it, on the grounds of insufficiency and of plaintiff's legal incapacity to sue.

The question presented is whether, in an action for breach of warranty against the supplier of a defective machine part, plaintiff's damage may be measured by the amount of its payment of workmen's compensation to an employee injured by reason of the defect, as against the supplier's contention that plaintiff's right of recoupment is limited to an action in negligence against the manufacturer, under section 29 of the Workmen's Compensation Law. The case is one of first impression in New York.

Plaintiff was a self-insured employer, within the meaning of section 50 of the Workmen's Compensation Law. An employee was injured when the punch press which she was operating double tripped, causing the mechanical ram of the press to strike her hand. For her resultant disability she has had an award under the Workmen's Compensation Law.

In its complaint, plaintiff alleges that the accident resulted from the faulty operation of an exhaust valve, which plaintiff purchased from defendant Neal and installed as a component of the tripping mechanism of the press; and charges that its malfunction was due to negligence in its manufacture by defendant Schrader. The injured employee failed to bring action against Schrader for negligence within the time limited therefor by subdivisions 1 and 2 of section 29 of the Workmen's Compensation Law; so that, under subdivision 2, her failure to sue operated as an assignment to the plaintiff of her cause of action against Schrader. Plaintiff has paid the award, as well as medical and hospital charges, and has incurred expense in investigating the accident. Upon these factual allegations, plaintiff predicates a first cause of action against the manufacturer, Schrader, to recover damages for negligence causing the employee's personal injuries, and a second cause of action against the seller, Neal, to recover damages for breach of the latter's implied warranties, including those of merchantable quality and of fitness.

Passing, for the moment, appellant's contentions additional to that predicated upon section 29, it seems to us quite clear that unless that section is indeed inhibitory, long established authority sustains the disputed cause of action. In *Wanamaker*

v. *Otis Elevator Co.* (228 N. Y. 192), plaintiffs, suing in contract, recovered from a supplier of defective equipment which caused accidental injuries, the amounts paid by them in satisfaction of a judgment obtained by the injured person. As authority for its affirmance, the court cited, *inter alia,* the landmark case of *Boston Woven Hose & Rubber Co.* v. *Kendall* (178 Mass. 232) in which plaintiff recovered upon the theory of breach of warranty the amounts which it had paid in satisfaction of the common-law damages awarded its employees injured by the explosion of a defective boiler sold and warranted by the defendant. To the same effect is *London Guar. & Acc. Co.* v. *Strait Scale Co.* (322 Mo. 502). Aside from any complication arising from our compensation act, we perceive no essential difference between the *Boston* case and this. Indeed, the rights under the Ohio law of an employer against its warrantor arising upon payment of compensation were recognized in *Dayton Power & Light Co.* v. *Westinghouse Elec. & Mfg. Co.* (287 F. 439) as differing not at all from those existent following payments to employees of common-law damages. That case also dealt with injuries caused by an explosion of defective equipment and in its decision the Circuit Court of Appeals said (p. 441): "A payment of compensation absolutely required by law, and because it is so imperatively required, can scarcely be other than a proximate and direct loss. Indeed, it is difficult to conceive how a liability could be more proximate, more direct and more immediate than one so created." The Ohio Supreme Court in deciding *Midvale Coal Co.* v. *Cardox Corp.* (152 Ohio St. 437) found it "almost identical" (p. 450) with the *Dayton* case and held that upon defendant's breach of its sale and service contract plaintiff could recover damages measured by the increased cost of its workmen's compensation insurance (under a merit rating system based on accident experience) resulting from an award for accidental injury caused by a defective explosive cartridge supplied by defendant. Deeming that the general principles governing the measure of the damages recoverable by an employer for breach of warranty are thus soundly established in reason and by authority, dehors the compensation statute at least, we necessarily consider the impact of section 29 upon them.

That section preserves, within prescribed limitations, the "remedy" of the employee for his injury and that of his dependents for his death, caused "by the negligence or wrong of another not in the same employ". It subjects any recovery by the employee to a lien for the amount of the compensation awarded or estimated and for the amount of the medical

expense; and under certain conditions, including lapse of time, operates to effect an assignment to the employer or its carrier of an employee's cause of action upon which action has not been commenced, the employee being entitled, however, to two thirds of any recovery in excess of the compensation award, medical expenses and expenditures incurred in effecting recovery. Thus, the section did not provide any new cause of action but as between employer and employee, and between them only, regulates the exercise and enforcement of existing rights — the employee's common-law action in negligence as well as his dependents' statutory action on account of his death. (Cf. *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, 372.) As was said by Judge CARDOZO in the case cited (p. 373): "The heading of the section 'subrogation to remedies of employees,' [now, 'Remedies of employees; subrogation'] is an index of its meaning. An index still more certain is found in the essential scheme and nature of workmen's compensation. The Workmen's Compensation Act regulates the relation, not between a workman and the world at large, but between workman and employer. It does indeed wipe out the right of action against the employer, whether in favor of the workman himself or in favor of his personal representatives for the benefit of next of kin (*Shanahan* v. *Monarch Engineering Company*, 219 N. Y. 469). In doing this, it charges the employer with liabilities of a different order. *It leaves untouched, on the other hand, the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance.*" (Emphasis supplied.) Neither the authoritative exposition of the statutory scheme just quoted nor the precise language of section 29 itself leaves room for any implication that the mere regulation by the Legislature of the employee's existing right of action served to extinguish the employer's completely independent cause of action arising out of contract if, as here, the malfunction of a defective machine resulted perchance in damage to the employer measurable by its payments of compensation rather than, for example, causing injuries to a stranger or damage to a building or to material in process of manufacture, in each case to the monetary damage of the employer. It would be one thing — and a logical and reasonable result — to deny the inferential creation of some new right or remedy by a statute silent or inexplicit upon that particular subject; it is quite another to infer, from language regulating the exercise of one recognized remedy and the apportionment of any resultant recovery, some affirmative action or purpose

to extinguish or emasculate another existing right as firmly entrenched in statute and decisional law. Equally unreasonable seems the inference which would necessarily follow — that by its silence the Legislature intended a gratuitous grant of immunity which it then tacitly bestowed upon wrongdoers in the field of contractual relationships, while preserving all liability in the area of tortious conduct.

The assignment, by operation of law, of the employee's cause of action for personal injuries to the employer; or the subrogation of the employer to the employee's rights in tort remedy against a third party are not coextensive with the employer's rights in contract law; and indeed are quite different in scope and effect. The employee has no action in contract against the seller. The exchange, diminution or extinguishment of his cause against some other party for tort would not affect, even collaterally, the right of the employer in contract against some still different party. These are entirely different actions, are differently grounded and do not touch each other. There may be no negligence at all in the manufacture of the article, but the buyer would still be entitled to recovery if his contract were breached by the seller. The only conflict lies in the possibility of double recovery and judicial policy will forestall such a result.

The authorities cited by appellant to sustain its contention that remedy for breach of warranty is inferentially excluded seem to us clearly distinguishable. Principal among these is *United States Cas. Co.* v. *Hercules Powder Co.* (4 N. J. 157) which held that although an employer was free to pursue his cause of action for breach of warranty resulting in an employee's injury or death, the damages "recoverable for such breach may not include the compensation payments made pursuant to our Workmen's Compensation Act, which statute provides the exclusive remedy for such recovery" (p. 167). The decision seems to be predicated upon the legislative history of amendatory acts which gave to the employer or his insurance carrier the right, not conferred by the original act, to be reimbursed from the proceeds of any third-party action brought by the employee, or by the subrogated employer or carrier, against the tort-feasor causing the employee's injury. It was said that the amendments were intended to correct abuses whereby, under the prior law, employees might collect and retain both workmen's compensation and common-law damages; and in this "legislative plan" the court perceived a purpose to restrict reimbursement to that obtainable "through the right of the injured *employee* or his dependents against the third party wrong-doer in tort, and not * * * through the medium of

the *employer's* direct cause of action against such third party * * * for breach of an implied warranty'' (p. 165). ''Otherwise,'' the court continued, ''the third party would be subjected to the possibility of double liability, to the extent of the compensation paid by the employer, which certainly was not the legislative intent'' (pp. 165–166). It seems fair to say that the court found the specific and ultimate basis of its determination in a portion, which it italicized, of a lengthy quotation of the statute providing for subrogation (after lapse of time and notice) of the employee's right of action. The statutory language thus emphasized was *'' and such right of action shall be only for such right of action that the injured employee or his dependents would have had against the third person or corporation ''* (p. 164). This exclusory language has no counterpart in the New York act (Workmen's Compensation Law, § 29); and, more important, the legislative intent prompting the enactment of the subrogation provision of the New Jersey statute lends no assistance, of course, to our consideration of the older subrogation provision of the New York act.

To the extent that the New Jersey decision may have been prompted by '' the possibility of double liability '' (p. 166) on the part of the third party, we find it unpersuasive. The '' possibility '' of double liability or of a double recovery arises not infrequently but constitutes no insurmountable barrier to the enforcement of a just right. The amount of the compensation liability which will ordinarily be the principal or only item of damage in the contract action is, actually though not technically, a subsidiary element (and a separately ascertainable and distributable portion) of the damage within the larger scope of the personal injury action in negligence; this, whether the actions are prosecuted against the same entity (as in the New Jersey case) or against two (as here). This is neither unprecedented nor fatal, as witness the situation arising when damages for the malpractice of a physician and recoverable from him also constitute an element of the damages in greater scope which may be sued for in an action against the automobile operator whose negligence caused the original injury, later aggravated by negligent treatment. (Cf. *Milks* v. *McIver*, 264 N. Y. 267.) In such and similar cases, as in the compensation situation before us, the possibility of double recovery or double satisfaction will be averted by proper pleading, by defense in mitigation of damages or otherwise, by the proof, and by judicial supervision. To deal finally with the chimera of double liability, we note that no reason has been advanced to justify exculpation of the warrantor, to the prejudice, and at the expense, not only of the tort-feasor

but (since in common experience the warrantor's liability is usually more readily demonstrable) of the innocent employer as well.

·Appellant relies, also, upon Dean Larson's approval of the holding in the *United States Cas.* case (*supra*) as one that " would ordinarily be the correct result in any jurisdiction having a subrogation or assignment procedure." (2 Larson, Workmen's Compensation Law, § 77.20.) The author seems to approve the decision as eliminating the complications surrounding prose-cution of overlapping third-party remedies but in his contention that no " good purpose would be served by allowing an independent non-statutory avenue for recovery of compensation expenditure by the payor, which if successful would presumably give the payor the same amount he would receive under regular third-party procedure ", the proviso " if successful " seems to us to undermine the argument; and the pragmatic solution thus approved fails to take account of the equally practical difficulty of proving negligence on the part of a remote manufacturer as compared with the relative ease of establishing breach of a seller's implied warranty under the Sales of Goods Act, and therein lies the " good purpose ", which the text denies, in preserving the independent right of action.

The reasons assigned for the conclusion that we have stated are incidentally dispositive of appellant's additional and perhaps subsidiary contentions. Thus, the long line of authorities exemplified by *Wanamaker* (228 N. Y. 192, *supra*), *Boston* (178 Mass. 232, *supra*) and *London* (322 Mo. 502, *supra*) (among which the opinion of Chief Justice Holmes in the early *Boston* case is particularly illuminating) negates the assertion that the complaint fails to plead the elements necessary to entitle plaintiff to indemnity within the rule expressed in the Restatement of the Law of Restitution (§ 76, p. 331 [but cf. p. 329]), assuming *arguendo* that this situation be considered one of true indemnity in the generic sense. Basically, of course, the action is for breach of a specific contract and the employee's injury is significant only as it served to disclose or call attention to the pre-existing breach and as the compensation subsequently awarded therefor became, in this case, one (and but one) of the elements provable as damage, which might, in another case, include such diverse items as property damage and loss of business. The same reasons render untenable the additional contention that the action derives from the employee's injuries and hence, in appellant's view, would have to rest upon assignment of a claim for personal injuries, in violation of section 41 of the Personal Property Law. Our conclusion that plaintiff's claim against the

warrantor is grounded upon an independent right removes the premise of appellant's contention.

The order should be affirmed, with $10 costs.

HERLIHY, J. (dissenting). Whatever rights the plaintiff has stem from the injuries suffered by its employee. There was no privity between the employee and the appellant and under our present existing law, there could be no claim for breach of warranty by the employee. (*Canter* v. *American Cyanamid Co.,* 12 A D 2d 691.)

The plaintiff's cause of action against the appellant is based on contract to recover for sums spent in compensating the employee for her injuries.

The query is — Does an employer and/or insurer have an action of its own, exclusive of the Workmen's Compensation Law, for recovery of sums paid to an injured employee against a third party on an *ex contractu* theory as distinguished from an *ex delicto* theory where the third party is one against whom an action could not be maintained by the employee?

The respondent has cited numerous cases which provide for recovery over from a wrongdoer of sums for which a party has been liable because of some obligation to the injured party. (*Boston Woven Hose & Rubber Co.* v. *Kendall,* 178 Mass. 232; *Wanamaker* v. *Otis Elevator Co.,* 228 N. Y. 192; *London Guar. & Acc. Co.* v. *Strait Scale Co.,* 322 Mo. 502; *Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214.) As Prosser states, "it is generally agreed that there may be indemnity in favor of one who is held responsible solely by imputation of law because of his relation to the actual wrongdoer * * * A similar rule has been applied to indemnity against a supplier of goods, or a contractor making improvements and repairs, when liability to a third person is incurred by reason of negligent reliance upon his proper care." (Prosser, Torts [2d ed.], § 46, p. 250.)

None of these cases, however, deal with or invoke the assignment and subrogation provisions of section 29 of the Workmen's Compensation Law.

*Matter of Zirpola* v. *Casselman, Inc.* (237 N. Y. 367), relied upon by the majority, is not controlling, the decision being limited to deciding the right of distribution in a death case.

Special Term in denying the motion relied upon *Midvale Coal Co.* v. *Cardox Corp.* (152 Ohio St. 437). In that case the employer sought not to recover compensation paid to the injured employee but to recover the increased cost of compensation insurance paid as a result of the claim of the injured employee. It was held that where a single act causes a breach of two duties, one in contract and one in tort, the doctrine of double recovery

is not applicable. But the real distinction between that case and the present one is that under the Workmen's Compensation Act of Ohio, there was no assignment or subrogation provision such as we have in New York. The prevailing rule has been succinctly stated in Larson's Workmen's Compensation Law (vol. 2, § 77.00, pp. 243, 244): " When a state in its third-party statute has provided a statutory method whereby the employer or insurer may be reimbursed for compensation expenditures caused by the third party's negligence, this statutory method is exclusive, and the employer may therefore not bring a separate action against a third party claiming damages to the amount of compensation paid as the result of the third party's furnishing defective supplies which led to the employee's injury." It then states the rule which governs the *Midvale* case: " Such an action has been allowed, however, where no subrogation is available."

Where the Legislature, as in New York, has provided in the Workmen's Compensation Law for an assignment and subrogation clause in favor of the employer, the intendment was that it should be the sole and exclusive remedy for any recovery by the employer resulting from liability consequential to the employee's injury. The fact that here there is a novel situation of a fourth party — appellant — does not alter or extend the right of recovery. The remedy is based upon *ex delicto* theory and not on an *ex contractu* theory which is the basis of the breach of warranty action.

The case that is persuasive is *United States Cas. Co. v. Hercules Powder Co.* (4 N. J. 157). In that case the defendant Hercules Powder was both the manufacturer and the seller — as distinguished from the present facts — and the Workmen's Compensation Act of New Jersey had an assignment and subrogation clause similar to the one in New York State. In an action brought to recover the compensation paid, and referring to the assignment and subrogation clause of the Compensation Law, the court said at page 165: " In the method devised to accomplish this legislative plan we perceive a purpose to restrict the employer and his insurance carrier to the method of reimbursement provided for in the act, *i.e.,* through the right of the injured *employee* or his dependents against the third party wrong-doer in tort, and not, as here, through the medium of the *employer's* direct cause of action against such third party, *ex contractu,* for breach of an implied warranty."

Under the common law, an injured employee had a right of action against the employer arising out of alleged acts of negligence. With the adoption of the statutory Workmen's Com-

pensation Law, the employee was allowed to reserve his common-law right of action against a third party but surrendered such right as against his employer. The employer in return agreed to pay benefits as established by the Compensation Law.

Section 29 of the law governs the reservation of the employee to sue a third party. It goes further and — in the event of the failure to commence such action by the employee within one year — assigns and subrogates that action to the employer, giving him the same cause of action as the injured employee. The employer herein has exercised that right in the first cause of action in the complaint.

The employee in this action has no claim for breach of warranty against the appellant because there is no privity of contract existing between them. Concededly the plaintiff might have a right of action for a breach of warranty against the appellant herein if the damages were measured in some other way than by the amount of compensation paid the injured employee. To put it simply, the employer's sole and exclusive remedy in this case is governed by section 29 of the Workmen's Compensation Law which may not be construed to provide an action for breach of warranty. The employer is not entitled to a right of action which it does not derive from its employee when it seeks to recoup compensation paid to the employee. Any extension of the employer's right to sue in the place and stead of the employee must come from legislative action. The damages here sought are statutory and the plaintiff is restricted solely to the rights given thereunder. The benefits of the Compensation Law are primarily for the protection of the employee.

The employer has been given a right of subrogation and assignment under the law. Prior thereto he had no right of action to recover compensation payments or any benefits under the Compensation Law. After all these years he should not now be given some further benefits by judicial interpretation. If the employee started a third-party action and was unsuccessful, he would have no further remedy except his compensation benefits. If the employer started such action after assignment and likewise was unsuccessful, he should be given no greater rights by way of a second action in warranty not available to the employee. The right to recover compensation payments by an employer is governed by section 29 of the statute and is exemplified by the fact that the said employer had no right of action to recover medical expenses or funeral charges until section 29 was so supplemented in 1922.

The order appealed from should be reversed and the complaint for breach of warranty against the appellant dismissed, with costs.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur in Per Curiam opinion; HERLIHY, J., dissents and votes to reverse in opinion.

Order affirmed, with $10 costs.