Zimmerman, J.
If the present action against Balcrank was maintainable by Boyle, Boyle’s insurer, as subrogee, has a right to bring and maintain the action in its own name, and its rights and position are the same as Boyle’s.
"We think this case can and should be decided on the basis of warranty. In the case of Rogers v. Toni Home Permanent Co., 167 Ohio St., 244, 147 N. E. (2d), 612, 75 A. L. R. (2d), 103, this court defined an “express warranty” as “an affirmation of fact by the seller as to a product or commodity to induce the purchase thereof, on which affirmation the buyer relies in making the purchase.” Of similar import is the definition contained in applicable Section 1315.13, Revised Code, a part of the now repealed Uniform Sales Act. And see Section 1302.26, Revised Code, a part of the existing Uniform Commercial Code.
To induce the sale of its folding aluminum chairs, Balcrank expressly represented in writing that they were “sturdily constructed” and “durable.” In purchasing the chairs, Boyle had a right to rely on such representations and was motivated in making the purchase by such definite affirmations.
Fehlman, Boyle’s injured customer, sued Boyle on the theory of negligence, alleging in his complaint that Boyle “caused to be placed upon its showroom floor a defective and dangerous chair * * * when the defendant knew, or should have known, that the chair was defective and dangerous. ” It is conceivable that the jury rendered its general verdict against Boyle upon a determination that Boyle “should have known” of the chair’s dangerous condition, thereby predicating its verdict for Fehlman on that finding.
As pointed out, Boyle’s liability to Fehlman was based upon negligence, whereas Balcrank’s liability, if any, to Boyle rests upon the claimed breach of an express warranty. The two liabilities are different in character and kind.
Balcrank insists that, if any fault may be attached to it, it and Boyle are in pari delicto, and, therefore, Boyle’s insurer as subrogee must be denied recovery. However, Boyle’s dereliction was independent of and different from any dereliction on the part of Balcrank in point of both fact and time, and it is difficult to place the two in the category of joint tort-feasors. *271 The present action is one for recovery of indemnity growing ont of a breach of warranty, which sounds in contract; it is not an action for contribution in tort. The controlling consideration now confronting us is whether Fehlman’s injuries were proximately due to Balcrank’s breach of warranty or to Boyle’s failure to discover imperfections in the chair which collapsed. Boyle incurred liability to Fehlman because of its failure to discover and guard against the imperfections, and such failure was at least presumptively due to its reliance on Balcrank’s guaranty that the chair was “sturdily constructed” and “durable” and adapted for the purpose to which it was to be put.
It is nowhere indicated or suggested that Boyle mishandled or tampered with the chair in any way. It was taken from its container, inspected, cleaned and placed immediately on Boyle’s salesroom floor in the condition it was when received. A chair, particularly a new one, assembled, packaged and shipped by the manufacturer directly to the buyer, designed to seat all kinds of people and expressly represented to be sturdy and durable, should not break and collapse even under rough treatment, and, when it does, the reasonable and permissible deduction is that such collapse is directly due to a structural weakness and defect against which it was warranted. Where there is a breach of warranty by the manufacturer and seller of a product, he is subject to strict liability, and the recovery of damages from him for the breach does not depend on negligence or actual knowledge of a defective condition. Basin Oil Co. v. Baash-Ross Tool Co., 125 Cal. App. (2d), 578, 596, 271 P. (2d), 122, 132; Ver Steegh v. Flaugh, 251 Iowa, 1011, 1025, 103 N. W. (2d), 718, 726; Henningsen v. Bloomfield Motors, Inc., 32 N. J., 358, 372, 161 A. (2d), 69, 77, 75 A. L. R. (2d), 1, 13.
In short, the fact that the buyer of an article becomes liable in damages to a third person for injuries arising from a defect in such article due to the buyer’s negligence does not preclude the buyer from recouping his loss from the seller on the basis of a breach of warranty. London Guarantee & Accident Co., Ltd., v. Strait Scale Co., 322 Mo., 502, 513, 15 S. W. (2d), 766, 769, 64 A. L. R., 936, 941.
Section 1315.70, Revised Code, a part of the now repealed *272 Uniform Sales Act, but wbicb governs this case, expressly recited that “the measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events from the breach of warranty.” So, where a buyer of merchandise has been compelled to pay an injured person damages on account of the defective condition of such merchandise, manufactured and supplied by the seller thereof, the courts have consistently upheld the buyer’s right of action against the seller based on breach of warranty. General Aniline & Film Corp. v. A. Schrader & Son, Inc., 12 N. Y. (2d), 366, 190 N. E. (2d), 232, 233. See, also, Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass., 232, 59 N. E., 657, 51 L. R. A., 781.
The generally accepted rule of law is that the consequential damages sustained on account of a buyer’s responsibility for injury to a customer are not too remote for recovery in an action by the buyer for breach of warranty against the manufacturer and seller, where the latter was aware of the use to which the buyer intended to put the purchased article. General Home Improvement Co. v. American Ladder Co., Inc., 26 N. J. Misc., 24, 26, 56 A. (2d), 116, 117 (disapproved for other reasons in Henningsen v. Bloomfield Motors, Inc., supra [32 N. J., 358, 416, 161 A. (2d), 69, 101, 75 A. L. R. (2d), 1, 38]).
For additional cases and citations supporting the rule that a buyer of warranted goods who is required to pay damages to a third person for injuries due to a defect in those goods, resulting from the seller’s breach of warranty, has a right of action against the seller, see Heath v. Channel Lumber Co., 25 N. J. Sup., 6, 9, 95 A. (2d), 425, 427.
Upon the record before it, we are persuaded that the Court of Common Pleas herein justifiably made its findings and entered judgment against Balcrank, and that the Court of Appeals was in error in reversing that judgment and rendering-final judgment against Boyle’s insurer. Accordingly, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Taft, C. J., Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.