CITY OF CAMBRIDGE *vs.* HERVEY A. HANSCOM & another.

Suffolk. March 2, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Subrogation. Way,* Defect in highway. *Commonwealth. Municipal Corporations,* Officers.

Certain judgments were recovered against a city for injuries from a defect in one of its highways, consisting of an excavation made and left unguarded by a contractor laying a water pipe under a contract with the metropolitan water board. The Commonwealth, being liable under St. 1895, c. 488, § 12, to indemnify the city for this loss, paid the amounts of the judgments directly to the judgment plaintiffs. The city then brought an action of tort for the benefit of the Commonwealth against the contractor whose acts and omissions caused the defect. *Held,* that the Commonwealth was subrogated to the rights of the city against the contractor, and could recover the amounts of the judgments in the name of the city although the Commonwealth had discharged the liability of the city by paying the judgments directly.

If a city is sued for injuries from a defect in a highway consisting of an excavation made and left unguarded by a contractor laying a water pipe under a contract with the metropolitan water board, and if the Commonwealth, being liable under St. 1895, c. 488, § 12, to indemnify the city for any judgment recovered against it on account of this defect, undertakes the defence of the action and employs the city solicitor as its counsel, the city solicitor having the right to engage in business outside of and in addition to his work for the city, the counsel fee paid by the Commonwealth to the city solicitor in compensation for his services is paid for its own benefit, and, after the Commonwealth has paid the amount of the judgment against the city and has brought an action in the name of the city against the contractor whose fault caused the defect in the highway, the Commonwealth cannot include such counsel fee in its claim of subrogation to the rights of the city against the contractor.

TORT by the city of Cambridge, for the benefit of the Commonwealth, against the defendants doing business under the name of Hervey A. Hanscom and Company, for the amount of judgments recovered against the plaintiff by one Catherine B. O'Neil and one Eleanor Maloney for injuries from falling into an unguarded trench, dug by the defendants in laying a water pipe through Massachusetts Avenue in Cambridge under a contract with the metropolitan water board and constituting a defect in that highway. Writ dated September 14, 1900.

In the Superior Court the case was heard by *Mason,* C. J.,

upon agreed facts. He ordered judgment for the plaintiff in the sum of $6,571,93; and the defendants appealed.

It appeared by the agreed facts that the defect causing the injuries for which the judgments were recovered " was caused by acts and omissions for which the defendants are answerable." Under St. 1895, c. 488, § 12, the Commonwealth was liable to indemnify the city for all damages for injuries resulting from any defect caused by the laying of pipes by the metropolitan water board.

In regard to the employment by the Commonwealth of Mr. Pevey, the city solicitor of the plaintiff, it appeared by the agreed facts that the fee of $1,000 paid to Mr. Pevey by. the Commonwealth for defending the actions brought against the city of Cambridge in the Superior and Supreme Judicial Courts was a reasonable and proper fee for the services performed. It further appeared that at the time of Mr. Pevey's employment by the metropolitan water board, and during the time he was engaged in defending the actions brought against the city of Cambridge, there was no ordinance, rule or statute prohibiting him from engaging in private practice, or from acting for private clients, and that during his service as city solicitor, and while engaged in the defence of these actions, he had an office in Boston, and acted for many clients other than the city of Cambridge with the knowledge and assent of that city. It also appeared that ever since the institution of the law department of the city of Cambridge it had been the invariable custom and practice on the part of the several city solicitors to engage in business outside of and in addition to their city work, and that this custom and practice had been known and assented to on behalf of the several city councils in electing their several city solicitors and fixing their compensation.

*G. W. Buck*, for the defendants.

*R. A. Stewart*, Assistant Attorney General, for the plaintiff.

HAMMOND, J.    The judgments against the city of Cambridge established its liability, and there rested upon it the duty of paying them. If it had paid them, then, upon the agreed facts, it would have had a right to recover either against the metropolitan water board representing the Commonwealth, or against the defendants. If it had proceeded against the defendants and

had recovered from them, that would end the matter because the latter had no right of indemnity against any one. If it had proceeded against the water board representing the Commonwealth, then the latter upon paying would have had an action of indemnity against the defendants, because as between the defendants and the board the former were ultimately liable; and under the well established principles of subrogation the Commonwealth would have been subrogated to the rights of the city against the defendants. *Hart* v. *Western Railroad*, 13 Met. 99. *Wall* v. *Mason*, 102 Mass. 313, 316.

It is urged, however, by the defendants, that the city met with no loss because the judgments were paid, not by it but by the Commonwealth. But this manner of payment can make no difference. To hold that the rights of the Commonwealth were unfavorably affected by its payment of the judgments instead of waiting for the city to pay and then paying the city, is to lose sight of the substance of the transaction. The city of Cambridge was under the weight of the liability established by the judgments, and was called upon to discharge them. It was the duty of the Commonwealth to relieve the city from that load. The money was paid by it, not in the discharge of any duty due from it to the judgment creditors, but in the discharge of its duty to indemnify and protect the city, and the simple fact that the payment was made directly to the judgment creditors cannot make the transaction any the less one of indemnity. So far, therefore, as respects the amount of the judgments, the Commonwealth is subrogated to the right of the plaintiff against the defendants.

But as to the counsel fee of $1,000 paid by the Commonwealth to Mr. Pevey, the case is different. It is plain upon the agreed facts that the Commonwealth assumed the defence of the cases and hired Mr. Pevey as its counsel, and that the above sum was paid to him as such and not as city solicitor of Cambridge. It is true that he was the general solicitor of Cambridge which paid him an annual salary, but he was not under the exclusive employ of the city. He had the right to engage in business outside of his work as city solicitor, and such always had been the custom of his predecessors. Under these circumstances he was employed by the Commonwealth. It is the same as though

some other person than he had been employed. The city of Cambridge never was under any obligation to him, or to anybody else, to pay this fee. This sum was not, nor was it ever intended to be, any part of the money to be paid by the city to him as city solicitor, and in paying it the Commonwealth discharged no obligation or liability of the city. If it be said that, in so far as Mr. Pevey acted as city solicitor in these cases, it may be assumed that a part of his official salary went to pay for these services, the answer is that this fee does not cover what he did as city solicitor, but what he did as counsel for the Commonwealth, under his employment as such. Since the city never paid this fee and never was under any obligation contingent or absolute to pay it, the doctrine of subrogation is not applicable, and the city cannot maintain an action to recover it for its own use or for that of any other party. " There can be no subrogation unless there is something to be subrogated to." Morton, J. in *Skinner* v. *Tirrell*, 159 Mass. 474.

> *Judgment reversed and case remanded to Superior Court, with instructions to enter judgment only for the amounts paid on the judgments with interest.*