JOHN W. CORCORAN, trustee in bankruptcy, *vs.* T. HENRY MEEGAN.

Suffolk.    December 3, 1928. — January 2, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Admitted de bene, Competency. *Practice, Civil,* Exceptions. *Contract,* Of indemnity. *Voucher to defend.*

A contractor performing certain construction work for an owner of land hired a blaster who took full charge and control of certain blasting, during the course of which an adjacent owner suffered an injury to his property, for which he recovered judgment against the first owner. The contractor paid such judgment and brought an action against the blaster to recover the amount of it, together with expenses incurred by the contractor in the defence of the previous action, to which the blaster was not a party. *Held,* that evidence properly was admitted to show that the defendant in the previous action, pursuant to his contract with the contractor, notified the contractor to defend that action; that the contractor complied with the notice after having given the blaster similar notice, which he disregarded; that the plaintiff in the previous action recovered judgment; and that the contractor satisfied that judgment and incurred expense in defence of the action.

CONTRACT OR TORT.   Writ dated November 19, 1926.
Material evidence at the trial in the Superior Court

before *Macleod*, J., is stated in the opinion. The evidence to which objection was made by the defendant consisted of facts admitted by the defendant pursuant to notice under G. L. c. 231, § 69, as amended by St. 1926, c. 381, § 1, relative to the action of Flynn *v.* Standard Oil Company of New York and to the contract between the Fuller Construction Company and the Standard Oil Company of New York; notices to the defendant in behalf of the Fuller Construction Company to defend that action; testimony as to its defence by the Fuller Construction Company; and the record in that action.

At the close of the evidence, the judge ordered a verdict for the plaintiff in the sum of $2,121.49; and the defendant alleged exceptions to the admission of such evidence.

The case was submitted on briefs.

*D. F. Cunningham*, for the defendant.

*J. M. Raymond*, for the plaintiff.

SANDERSON, J. This is an action of contract or tort in three counts — begun by the Fuller Construction Company, herein referred to as the plaintiff, and now carried on by its trustee in bankruptcy who has been substituted as plaintiff — wherein it is sought to hold the defendant for the amount of expenses incurred and paid in the trial of, and in satisfaction of a judgment obtained in an action brought by one Flynn against the Standard Oil Company of New York for damage done to his property caused by negligent blasting conducted by the defendant. The case is before this court on the defendant's exceptions to the admission of evidence.

The defendant, in connection with certain construction work, entered into a contract with the plaintiff by virtue of which he was in full charge and control of blasting to be done for and on land owned by the Standard Oil Company of New York. One of the blasts threw rock onto the property of Flynn, damaging his house. Flynn sued the oil company alleging negligent blasting on its premises, whereupon that company, pursuant to its contract with the plaintiff, demanded that it defend the action. The plaintiff then gave a similar notice to the defendant, stating therein that

the plaintiff and the oil company intended to hold Meegan to full liability for any judgment they, or either of them, might have to pay. The defendant took no part in the case other than to testify as a witness, the defence being undertaken by the plaintiff. Flynn recovered judgment against the oil company, the amount of which was thereafter paid to him by the plaintiff.

An examination of the record seems to disclose that the testimony to which the defendant excepted was admitted *de bene* and that there was no subsequent motion to strike it out. In these circumstances no valid exception would lie to its admission. *Alden Bros. Co.* v. *Dunn*, 264 Mass. 355, 361. *Raymond Syndicate, Inc.* v. *American Radio & Research Corp.* 263 Mass. 147. But inasmuch as the record is not free from doubt on this point, we have examined the evidence to which objection was made and discover no error in its admission.

The judicial records, showing the judgment for the plaintiff in Flynn against Standard Oil Company of New York, and the other testimony, were competent as the basis of the plaintiff's case. The defendant contends that those records, in an action to which Meegan was not a party, could not be introduced in evidence to prove his negligence. The plaintiff having defended that action and paid damages, caused not by its misfeasance but by negligent acts of the defendant, is entitled to hold the defendant who, after receiving notice to do so, did not come in and defend. He cannot now insist on a retrial of the issues established by the verdict in the first action. *Westfield* v. *Mayo*, 122 Mass. 100. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 157. See also *Cambridge* v. *Hanscom*, 186 Mass. 54.

No exception was saved to the order directing a verdict for the plaintiff.

*Exceptions overruled.*