HOLLYWOOD BARBECUE CO. INC. *vs.* DONALD G. MORSE & another.

Suffolk.    May 10, 1943. — June 30, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Indemnity.   Judgment.   Joint Tortfeasors.*

A landowner, judgment debtor in an action by a pedestrian for personal injuries sustained on a sidewalk by reason of negligent opening of bulkhead doors on the landowner's abutting premises by a contractor doing work for the landowner on the premises, was not a joint tortfeasor in pari delicto with the contractor, and, having notified him to defend the action, was entitled to recover from him the amount of the judgment therein and counsel fees incurred in defending it.

In an action by a judgment debtor to recover the amount of the judgment and his counsel fees from one whose negligence on premises of the judgment debtor was alleged in the later action to have resulted in the judgment but as to which negligence the judgment debtor was not a joint tortfeasor in pari delicto with the present defendant, such judgment, if the present defendant had been duly notified to defend the previous action, was conclusive that the judgment debtor was liable to the judgment creditor.

CONTRACT OR TORT.   Writ in the Municipal Court of the City of Boston dated June 11, 1941.

The action was heard by *Tomasello*, J., who found for the plaintiff in the sum sought by it.   A report was ordered dismissed by the Appellate Division, and the defendants appealed.

*J. G. Leonard*, for the defendants.

*D. Flower*, for the plaintiff, submitted a brief.

QUA, J.   In this action the plaintiff seeks to recover from the defendants the amount of a judgment rendered against the plaintiff in favor of one Benson and the amount of the counsel fees incurred by the plaintiff in defending the former action.

In the action now before us these facts were admitted or could be found: The plaintiff conducts a restaurant in Bos-

ton.  The defendants had entered into an agreement with the plaintiff to purchase and remove the plaintiff's meat scraps.  While the agreement was in force, a servant of the defendants, acting within the scope of his employment, undertook to remove such meat scraps from the plaintiff's place of business through a bulkhead opening into the abutting sidewalk.  When he suddenly raised and opened "the flap doors" leading out of the basement they struck Benson, a passer-by, in the stomach and injured him.  Benson received no warning that the doors were to be opened.  His action in which he recovered judgment against the present plaintiff is described in the record now before us as "for injuries caused by the negligent failure" of the plaintiff "to properly guard a bulkhead door located in the sidewalk . . . as it was opened by an employee of the present defendant."  The plaintiff notified the defendants to come in and defend the former action, but the defendants did not do so.

The defendants contend that the plaintiff was in pari delicto with the defendants and so cannot recover over.  We do not agree.  Whatever may have been the duty of the plaintiff as an occupier of premises to a person passing by on the sidewalk, it could be found in the action now before us that as between the plaintiff and the defendants the removal of the meat scraps was the defendants' work performed by their servant.  As between the plaintiff and the defendants the defendants owed to the plaintiff the duty of performing this work in a proper manner, including the duty to warn pedestrians or to "guard" the bulkhead door.  It could be found that they failed to live up to this duty, and that this failure resulted in the plaintiff being held liable.  In *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 154, it was held that the rule that one of two parties who, acting together, commit an illegal or wrongful act cannot have indemnity from the other "does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage.  He may recover from the party whose wrongful act has thus exposed him.  In such case the parties are not

in pari delicto as to each other, though as to third persons either may be held liable." This principle applies here. The act which, being negligently performed, caused the injury to Benson was wholly the act of the defendants through their servant. The plaintiff did not join in doing that act, although the plaintiff became liable in consequence of it. The plaintiff may therefore recover from the defendants. The case is within the authority of the *Gray* case and of such cases as *Lowell* v. *Boston & Lowell Railroad,* 23 Pick. 24, 31–35, *Churchill* v. *Holt,* 127 Mass. 165, *Old Colony Railroad* v. *Slavens,* 148 Mass. 363, 366, *Boston Woven Hose & Rubber Co.* v. *Kendall,* 178 Mass. 232, and *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582, 593. See Am. Law Inst. Restatement: Restitution, § 95. Compare *Churchill* v. *Holt,* 131 Mass. 67. There is nothing to the contrary to *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, at page 63.

On the facts disclosed in this action it is not altogether clear how the present plaintiff could have been held liable to Benson in the former action. See *Farolato* v. *Springfield Five Cents Savings Bank,* 310 Mass. 806. But the evidence in the former action may have been different, and in any event the former action, the record in which is not incorporated in the present record, must be taken to have been as described in this record, and the judgment in that action, after notice to come in and defend, is conclusive that the present plaintiff was liable. *Boston* v. *Worthington,* 10 Gray, 496. *Churchill* v. *Holt,* 127 Mass. 165, 166. *Cambridge* v. *Hanscom,* 186 Mass. 54. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 449.

The defendants' requests for rulings need not be discussed further than to say that in so far as they may not be fully covered by what we have said, they have become immaterial or are disposed of by the judge's express finding of fact that the parties were not in pari delicto. We think that the finding, applicable to the fourth request, that negligence "was not the joint cause of injury" should be construed in connection with the issues in the case and the finding that the parties were not in pari delicto to mean

merely that the plaintiff did not join in the act of opening the bulkhead doors.

*Order dismissing report affirmed.*