**BARBER S. S. LINES, Inc. v.
QUINN BROS., Inc.**

**Civ. A. No. 50–409.**

United States District Court
D. Massachusetts.

Feb. 29, 1952.

See also D.C., 94 F.Supp. 212.

Thomas H. Walsh, Boston, Mass., for plaintiff.

Joseph Rooney, L. P. Manning, Caleb Loring, Jr., and Gaston, Snow, Rice & Boyd, all of Boston, Mass., for defendant.

WYZANSKI, District Judge.

Defendant moves to dismiss plaintiff's complaint for failure to state a cause of action.

This motion presents the question whether under Halcyon Lines, etc. v. Haenn Ship C. & R. Corp., 342 U.S. 282, 72 S.Ct. 277, a shipowner who has made expenditures to discharge its liability to a stevedore injured by a loose hatch cover is precluded from securing restitution from a company which did not employ the stevedore but which, acting under a contract with the shipowner, had negligently replaced the hatch cover a month before the injury.

At this stage of the case the Court has before it nothing but pleadings. The complaint alleges that the shipowner—Barber Steamship Lines, Inc.—made a contract with the first stevedoring company—Quinn Brothers, Inc., the defendant—to replace hatch covers while the vessel was in Boston in November 1946. The first company replaced a cover negligently. In December 1946 when the vessel was in New York, the shipowner made a stevedoring contract with a second company—Maritime Terminal Co., Inc. A longshoreman—Onorato—employed by that company suffered injuries

from the negligently replaced cover. The longshoreman sued the shipowner for the damages sustained. The shipowner made a reasonable settlement of $13,500 with the longshoreman. It now seeks restitution of that amount, with interest, from the first company.

It does not so far appear that the shipowner knew or should have known of the dangerous condition of the hatch cover. The shipowner's liability to the longshoreman may have been premised on an obligation of seaworthiness rather than of due care.

Defendant's contentions are that plaintiff is a joint tort-feasor seeking contribution toward the payment of a personal injury claim, and that under the maritime law contribution between joint tort-feasors is not permissible in cases where the injured person is a longshoreman (even though not employed by defendant). This argument misconceives the nature of plaintiff's case as disclosed by the complaint.

Plaintiff's suit is for breach of an implied term of its contract with defendant. Both parties knew that plaintiff had an obligation to keep its vessel seaworthy. Plaintiff engaged defendant to discharge cargo. To do that defendant had to raise hatch covers. According to the complaint it was an implied condition of the contract that defendant should replace the hatch covers so that in that respect the ship would remain seaworthy. Plaintiff's complaint is that defendant failed to perform this contractual duty, that breach caused injury to a longshoreman, and that injury subjected plaintiff to the payment of damages.

This type of action is ordinarily called an action on an implied contract of indemnity, or an action for restitution.

■ Since the implication inheres in a stevedoring contract, the cause of action is maritime. American Stevedores v. Porello, 330 U.S. 446, 456, 67 S.Ct. 847, 91 L.Ed. 1011. Suit could have been brought in admiralty. Ibid. And inasmuch as $3,000 is involved, it can be (as indeed it has been) brought at law. 28 U.S.C. § 1331. Doucette v. Vincent, 1 Cir., 194 F.2d 834 (Opinion of Magruder, J.)

■ On whichever side it is heard, the cause of action may be looked at as similar to an action founded on a breach of warranty and like such an action sounding either in contract or in tort. Manning Mfg. Co. v. Hartol Products Corp., 2 Cir., 99 F.2d 813, 814; Hollywood Barbecue Co., Inc., v. Morse, 314 Mass. 368, 50 N.E.2d 55; . Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, 59 N.E. 657, 51 L.R.A. 781.

■■ Procedural distinctions aside, the substantive law as to implied contracts of indemnity is the same under the maritime law, the general federal law, the law of Massachusetts and the law of New York. The fundamental theory is that where a person has a non-delegable duty with respect to the condition of his premises or vessel but has made a contract with another to perform that duty, and the other performs it negligently so as to make the owner liable to a person later injured, then, as a matter of implied contract, the owner is entitled to restitution from the other for reasonable damages paid the injured person. Restatement, Restitution, § 95; Geo. A. Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422 (law); Washington Gaslight Co. v. Dist. of Columbia, 161 U.S. 316, 327–328, 16 S.Ct. 564, 40 L.Ed. 712 (law); Rich v. United States, 2 Cir., 177 F.2d 688, 691 (admiralty) as explained in Slattery v. Marra Bros., 2 Cir., 186 F.2d 134, 138; Burris v. American Chicle Co., 2 Cir., 120 F.2d 218, 222 (law); Seaboard Stevedoring Corp. v. Sagadahoc S. S. Co., 9 Cir., 32 F.2d 886 (law); The No. 34, 2 Cir., 25 F.2d 602, 604 (admiralty); Bethlehem Shipbuilding Corp., Ltd., v. Joseph Gutradt Co., 9 Cir., 10 F.2d 769 (admiralty); Hollywood Barbecue Co., Inc., v. Morse, 314 Mass. 368, 50 N.E.2d 55; Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, 59 N.E. 657, 51 L.R.A. 781; Churchill v. Holt, 127 Mass. 165; Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E. 2d 567; Oceanic Steamship Nav. Co. v. Campania Transatlantica Espanola, 144 N Y. 663, 39 N.E. 360; Cf. 45 Harv.L.Rev. 349, 351; Keener, Quasi-Contracts, p. 408.

The relationship between the owner and the other party to the contract is that of indemnitee and indemnitor, not that of joint tort-feasors. Burris v. American Chicle Co., 2 Cir., 120 F.2d 218, 222 par. 9. Cf. Derry Electric Co. v. New England Tel. & Tel. Co., 1 Cir., 31 F.2d 51, 52. And indemnification of proper expenditures is available unless the indemnitee discovered the danger created by the indemnitor and acquiesced in a continuation of th' dangerous condition. Restatement, Restitution, § 95, reporters' notes pp. 158–160.

The Halcyon case does not stand athwart these principles. In that case, as more plainly appears in the opinion of the court below—Baccile v. Halcyon Lines, 3 Cir., 187 F.2d 403—a stevedore was injured by a defective plank, which it seems belonged to the shipowner as part of the ship and which had not been installed by the stevedore's employer, a stevedoring company. With respect to that injury, the stevedoring company could not have been a putative indemnitor of the shipowner. Cf. Slattery v. Marra Bros., 2 Cir., 186 F.2d 134, 138, pars. 12 and 13. The problem, unlike the one at bar, turned exclusively on the quite different issue of contribution between joint tort-feasors. As to that issue, the Supreme Court held that, in the absence of legislation, the doctrine of contribution did not apply in admiralty in at least one type of case. That excluded type is where (1) the person from whom contribution is sought is an employer covered by the statutory compensation scheme embodied in the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and (2) the person seeking contribution relies on expenditures he will be called upon to make to that employer's employee who is also within the statutory scheme.

In short, the Halcyon case is distinguishable because it involves the doctrine of contribution—not indemnity—and concerns the risk that an employer covered by a statutory scheme may be made indirectly to pay his employee either more than the statute contemplates or in a way that the statute does not contemplate.

Motion denied.