### HORAN v. POPE & TALBOT, Inc., et al.
### Civ. A. No. 10117.

United States District Court
E. D. Pennsylvania.
Oct. 28, 1952.

Wilbur Greenberg, Louis H. Wilderman, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for Pope & Talbot, Inc.

J. Paul Erwin, Philadelphia, Pa., for Chester Stevedoring Co.

Michael A. Foley, Philadelphia, Pa., for Jarka Corp.

WELSH, District Judge.

This action was brought by the plaintiff, John J. Horan, to recover damages on account of personal injuries allegedly sustained by virtue of the negligence of the defendant, Pope and Talbot, Inc., owner and operator of the S. S. Albert S. Burleson.

After the defendant filed third-party actions against them seeking contribution or indemnity the third-party defendants, Jarka Corporation of Philadelphia

(hereinafter called Jarka) and Chester Stevedoring (hereinafter called Chester), filed the instant motions to dismiss said third-party actions.

1. In the case of Halcyon Lines v. Haenn Ship Ceiling & Refitting Corporation, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318, relied on by the third-party defendants, it was held that under general maritime law no right of contribution exists as between joint tort-feasors. It does not necessarily follow, however, that such holding forecloses the right of a party held responsible to be indemnified by another party if warranted by the facts of a particular case. For example, a party is entitled to indemnity if the facts show that it committed a passive tort and another party committed an active tort. See Standard Oil Company v. Robins Dry Dock & Repair Co., 2 Cir., 32 F.2d 182; The No. 34, 2 Cir., 25 F.2d 602, and Seaboard Stevedoring Corporation v. Sagadahoc S. S. Company, 9 Cir., 32 F.2d 886.

2. In the present state of the record it is not possible to decide whether the instant third-party actions involve joint tort-feasors or active and passive tort-feasors and therefore this Court is of the opinion that the motions of the third-party defendants to dismiss the third-party actions should be denied. See Union Sulphur & Oil Corporation v. W. J. Jones & Son, 9 Cir., 195 F.2d 93; Davis and Mattison v. American President Lines, D.C.1952, 106 F.Supp. 729, A.M.C. 818 and Barber S. S. Lines v. Quinn Bros., D.C., 104 F.Supp. 78. The record, we think, clearly shows that the issue of indemnity is presently before the Court and the defendant should be afforded an opportunity to prove same at trial. It shows inter alia that Jarka, one of the third-party defendants, committed an active tort by improperly placing a hatch board and thereby creating a dangerous condition. It shows also that Chester (plaintiff's employer), the other third-party defendant, committed an active tort generally in the manner in which plaintiff or some of Chester's other employees went about its work of removing the hatch boards. It shows finally that the defendant or third-party plaintiff in its third-party actions is seeking alternative relief, contribution or indemnity.

3. The contention urged by Jarka that a dismissal of the third-party action against it should be ordered on the ground that the plaintiff has failed to present a claim against it, Jarka, is invalid because the right of an original defendant to file a third-party action is not affected by the failure of a plaintiff to present a claim against the third-party defendant.

4. The motions of the third-party defendants, Jarka and Chester, to dismiss the third-party actions filed against them are accordingly denied.

An order in accordance with the foregoing opinion will be entered.