## DI MEGLIO
### v.
### THE BLACK CONDOR et al.

United States District Court
S. D. New York.

Feb. 3, 1954.

See also 120 F.Supp. 865.

4. See also Crawford v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784; Barber S. S. Lines v. Quinn Bros., D.C.D.Mass., 104 F.Supp. 78; Read v. United States, 3 Cir., 201 F.2d 758; McFall v. Compagnie Maritime Belge, 304 N.Y. 314,

Samuel P. Fensterstock, New York City, for libelant.

Pyne, Lynch & Smith, New York City, for claimant-respondent.

McNutt & Nash, New York City, for impleaded-respondent.

WEINFELD, District Judge.

The reply memorandum submitted by the claimant-respondent indicates that it intended to assert a claim against the impleaded-respondent upon an implied contract of indemnity based upon certain provisions of the time charter, including one not incorporated in the petition. However, this is not altogether clear from the allegations of the impleading petition, which almost with equal force suggest a claim for contribution from a joint tort-feasor—the type of claim disallowed in Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282,[1] 72 S.Ct. 277, 96 L.Ed. 318. It is desirable that the theory of recovery be clarified.

Accordingly, the motion to sustain the exceptions is granted with leave to claimant-respondent to plead anew, basing its claim upon either an express or implied contract of indemnity. Any amended petition should also clarify the status of the Federal Stevedoring Company, the libellant's employer, who, the claimant-respondent asserts, was the agent of the impleaded-respondent, whereas the latter contends it was an independent stevedore.

Settle order on notice.

328–332, 107 N.E.2d 463; Restatement, Restitution, § 95; cf. Davis v. American President Lines, D.C.S.D.Cal., 106 F. Supp. 729; Horan v. Pope & Talbot, Inc., D.C.E.D.Pa., 115 F.Supp. 32.