## DI MEGLIO
v.
## THE BLACK CONDOR et al.

United States District Court,
S. D. New York.

April 13, 1954.

Samuel P. Fensterstock, New York City, for libellant.

Pyne, Lynch & Smith, New York City (James A. Dilkes, Staten Island, of counsel), for claimant-respondent.

McNutt & Nash, New York City (Eli Ellis, New York City, of counsel), for impleaded-respondent.

**IRVING R. KAUFMAN,** District Judge.

The impleaded-respondent is a time charterer. On February 3, 1954, 120 F. Supp. 909, Judge Weinfeld sustained the impleaded-respondent's exceptions to the original impleading petition, granting leave to the vessel owner, the claimant-respondent, to plead anew, basing its claim either upon an express or implied contract of indemnity, and further directing that any amended petition should clarify the status of the Federal Stevedoring Company, the libellant's employer, who, the claimant-respondent asserts, was the agent of the impleaded-respondent. The vessel owner subsequently filed its amended impleading petition which is once again under attack by the impleaded-respondent.

The grounds for the instant exceptions are, first, that the amended impleading petition has failed to comply with the order of this court entered the 5th day of March, 1954 (the order based on Judge Weinfeld's Opinion of February 3, 1954); second, that the allegations contained in the amended impleading petition are insufficient to constitute a cause of action based upon an express or implied contract of indemnity between said Skibsaktieselskapet A/S Oilexpress and Black Diamond Steamship Corporation, and third, that the facts averred in the amended impleading petition are insufficient to constitute a cause of action upon which relief can be granted against Black Diamond Steamship Corporation.

The amended impleading petition alleges in substance that by the terms of the charter the impleaded-respondent was charged with the responsibility of loading the cargo and with the control of the loading equipment; and that through the negligence of the impleaded-respondent and its agents, the libellant was injured. The petition, although lacking in clarity, further alleges the claimant-respondent was not negligent and that under an implied contract of indemnity, the respondent-impleaded is liable to the claimant-respondent, should the latter be held liable to libellant.

In considering whether a complaint can withstand an objection that it fails to state facts sufficient to constitute a cause of action, it is clear, at least in this Circuit, that if the complaint or (as in this case) the impleading petition, states a claim upon which relief can be granted, it is sufficient, however inartistically drawn. Dioguardi v. Durning, 2 Cir., 1947, 139 F.2d 774.

Judged by this liberal test, I think the present impleading petition sufficiently states a claim upon which relief can be granted. If, as claimant-respondent contends, the respondent-impleaded controlled the loading of the vessel, and through the *active* negligence of its agent the libellant was injured, a right to indemnity might arise. While there is no right to contribution between joint tortfeasors in noncollision cases under the maritime law, Halcyon Lines v. Haenn Ship Ceiling and Refitting Corporation, 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318, the vessel owner here would have a right to indemnity if it is found responsible to libellant for breach of its nondelegable duty to provide a safe place for libellant to work, and that breach resulted from the *active* negligence of the respondent-impleaded and not from any active negligence of the owner. In this event, an implied contract of indemnity would arise between the claimant-respondent and the respondent-impleaded, upon which claimant-respondent would be entitled to recovery over. McFall v. Compagnie Maritime Belge (Lloyd Royal) S. A., 1952, 304 N.Y. 314, 107 N.E.2d 463.

Although ambiguous and unclear in part, I think the impleading petition meets the minimum requirements for compliance with Judge Weinfeld's order, and that liberally construed, it states a claim upon which relief can be granted. See Virgin Islands Corporation v. W. A. Taylor & Co., 2 Cir., 1953, 202 F.2d 61.

The exceptions of the impleaded-respondent are denied. Settle order.