Chester ALLEN, Plaintiff,

v.

STATES MARINE CORPORATION OF DELAWARE, Defendant and Third Party Plaintiff,

and

Luckenbach Steamship Company, Inc.

and

Allports Stevedoring Co., Inc., Third Party Defendants.

United States District Court
S. D. New York.

June 17, 1955.

Corydon B. Dunham, New York City, for defendant and third party plaintiff States Marine Corp. of Delaware.

Purdy, Lamb & Catoggio, New York City, for third party defendant Allports Stevedoring Co., Inc., Edmund F. Lamb, New York City, of counsel.

DAWSON, District Judge.

This is a motion to dismiss the third party complaint herein upon the ground

that this complaint fails to state facts upon which relief can be granted to the third party plaintiff against the third party defendant.

Plaintiff, a longshoreman employed by Allports Stevedoring Co., Inc., brings this action to recover damages for personal injuries claimed to have been sustained on the S. S. Blue Grass State.

The amended complaint alleges that the defendant, States Marine Corporation of Delaware, managed, operated, and controlled the steamship; that said defendant engaged Allports Stevedoring Co., Inc. to perform certain stevedoring work aboard the said ship; that the plaintiff was employed by said Allports Stevedoring Co., Inc. to work aboard said ship; that the defendant had supplied and provided a certain winch, "fall" and appurtenances to Allports Stevedoring Co., Inc. for use in the unloading operation; that the plaintiff was injured through the negligence of the defendant in that the winch was not in a safe condition and that the "fall" was improperly wound around the drum of the winch, and that this condition constituted a hazard and danger to the plaintiff, and that such facts constituted negligence and an unseaworthy condition of the vessel.

The third party complaint alleges that States Marine Corporation of Delaware chartered the entire reaches of the S. S. Blue Grass State, exclusive of the crew's quarters and the place of stowage for tackle and gear pertinent to the vessel to Luckenbach Steamship Company, Inc. which agreed to do all of the loading, stowing, trimming, and discharging of cargo at its expense; that Luckenbach Steamship Company, Inc. retained Allports Stevedoring Co., Inc. to do the stevedoring work on the vessel while the vessel was moored at a dock at Poughkeepsie, New York; and that the winches, falls, and other equipment on the ship were in all respects seaworthy and in a good state of repair.

The third party complaint also alleges that if the plaintiff sustained any injury while employed on the boat due to negligence other than his own, such injury resulted from the negligence and want of care on the part of Luckenbach Steamship Company, Inc. and Allports Stevedoring Co., Inc. in the supervision and operation of the equipment.

The third party complaint further alleges that if an award is made to the plaintiff against States Marine Corporation of Delaware, then, in that event, it should be entitled to be indemnified by Luckenbach Steamship Company, Inc. and Allports Stevedoring Co., Inc. to the extent of any such damages.

Third party defendant Allports Stevedoring Co., Inc. has moved to dismiss the third party complaint on the ground that it fails to state facts sufficient to constitute a cause of action against it. This presents the question as to whether, in such an action, the owner of the ship is entitled to be indemnified by a stevedoring company for any damages recovered by a stevedore against the owner of the ship.

This question, in its varied aspects, has been before the Courts on many occasions, and conflicting views thereon were taken by different Courts. States Marine Corporation of Delaware predicates its right to implead Allports Stevedoring Co., Inc. upon a theory that since, under the concept of unseaworthiness, it may be held liable to the plaintiff without fault, Seas Shipping Co. v. Sieraki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, it should be indemnified by the actual tortfeasor. Generally, at common law, there can be no contribution or liability over from one joint tortfeasor to another. 13 Am.Jur., Contribution, § 37; 18 C.J.S., Contribution, § 11. However, where the negligence of the indemnitee is only passive and that of the indemnitor active, Courts have found an exception based upon a theory of implied contract of indemnity. See Washington Gaslight Co. v. District of Columbia, 1896, 161 U.S. 316, 327, 16 S.Ct. 564, 40 L.Ed. 712. In cases where a shipowner was sued for personal injuries on the ground of negligence and unseaworthiness by the employee of a separate

contractor, the question as to whether the shipowner had a right of contribution against the contractor was treated differently in different jurisdictions. See American Mutual Liability Insurance Co. v. Matthews, 2 Cir., 1950, 182 F.2d 322; United States v. Rothschild International Stevedoring Co., 9 Cir., 1950, 183 F.2d 181; Slattery v. Marra Bros., Inc., 2 Cir., 1951, 186 F.2d 134, certiorari denied 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1351.

Because of the conflicting views taken by the Circuits, the Supreme Court granted certiorari in the case of Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318. The Court there held that there is no right to contribution between joint tortfeasors in non-collision, maritime, injury cases. Therefore, if the claim asserted in the proposed third party complaint is one for contribution, the complaint does not state a cause of action and would have to be dismissed. However, the third party plaintiff here urges that its complaint is one not for contribution but for indemnity. The cases since Halcyon have recognized the difference between claims for contribution and claims for indemnity and have held that Halcyon bars only the former. Crawford v. Pope & Talbot, Inc., 3 Cir., 1953, 206 F.2d 784, 793.

Therefore, the question is whether the relationship of Allports Stevedoring Co., Inc. as the stevedoring company engaged in the unloading operations on their ship imported an implied agreement to indemnify the owner of the ship for any damages which he might have to pay as a result of injuries to employees of the stevedoring company. There was no contractual relation between States Marine Corporation of Delaware and Allports Stevedoring Co., Inc. so that if this liability to indemnify existed, it must be based upon the relationship and not based upon any separate contractual obligation.

If there had been a contract relationship, the right of indemnity would exist because, as a matter to be implied from the contract, the owner of the ship is entitled to restitution for any damages which it has suffered due to the failure of the other contracting party to perform the duties necessarily comprehended within the contract. Barber S. S. Lines v. Quinn Bros., D.C.Mass.1952, 104 F. Supp. 78.

But it does not seem that the right of indemnity is necessarily predicated upon the existence of a direct contractual relationship between the parties. See McFall v. Compagnie Maritime Belge, 1952, 304 N.Y. 314, at page 331, 107 N.E.2d 463.

If, as in this case, the shipowner has chartered the ship to another who in turn employs a stevedoring firm, that stevedoring firm may be held—depending upon the facts which develop at the trial—to have assumed an obligation not alone to the charterer of the ship, but also to the shipowner, to perform its work in such a way that no liability will be imposed upon the shipowner arising out of the active negligence of the company which is actually performing the longshore contract.

It has been held, at least on motions to dismiss a complaint, that if a vessel owner has been found responsible to a seaman for breach of its non-delegable duty to provide a safe place to work, and that breach resulted from the active negligence of the impleaded defendant and not from any active negligence of the owner of the ship, the owner of the ship would have a right to indemnity. In such an event, an implied contract of indemnity would arise because of the relationship between the parties. Di Meglio v. The Black Condor, D.C.S.D.N.Y.1954, 120 F.Supp. 865; see Valerio v. American President Lines, D.C.S.D.N.Y.1952, 112 F.Supp. 202.

Although the third party complaint is not artistically drawn, it is sufficient to raise an issue as to the right of indemnity. Whether that right exists may well be an issue for determination by the Trial Court which will hear all the facts.

The complaint at least states sufficient grounds for that issue to be presented to the Court.

The motion to dismiss the third party complaint is denied. So ordered.