FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

Vito CAOLO et al., Defendants and Third-Party Plaintiffs,

v.

OLD COLONY BANK OF HAMPDEN COUNTY, N.A., the First National Bank of Boston, and First National Boston Corporation, Third-Party Defendants.

Civ. A. No. 77–1289–Z.

United States District Court, D. Massachusetts.

Oct. 27, 1979.

Robert M. Buchanan, Sullivan & Worcester, Boston, Mass., for plaintiff.

Gael Mahony, David W. Rosenberg, Hill & Barlow, Boston, Mass., for defendants.

Francis H. Fox, Bingham, Dana & Gould, S. Elaine Renfro, Boston, Mass., for third-party defendants.

MEMORANDUM OF DECISION

ZOBEL, District Judge.

Third-party defendants have moved for dismissal of the third-party action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The motion to dismiss will be allowed.

Plaintiff, Federal Deposit Insurance Corporation, is the receiver of Chicopee Bank and Trust Company (Chicopee). The defendants (third-party plaintiffs) were the directors of Chicopee. The complaint charges the directors with various acts of

nonfeasance and misfeasance, including conflict of interest, violation of state and federal statutes and banking regulations, nonattendance at directors' meetings, and mismanagement. The third-party complaint alleges that third-party defendant Old Colony had agreed to enter into a contract to buy Chicopee but, as a result of the intercession of third-party defendants, First National Bank of Boston (FNBB) and First National Boston Corporation (FNBC), reneged on its agreement causing the Massachusetts Commissioner of Banks to authorize a liquidation sale of Chicopee. At the liquidation sale, Old Colony purchased some of the assets and assumed some of the liabilities of Chicopee for a price less than that contemplated under the initial agreement.

The directors argue that these actions by third-party defendants amounted to breach of an alleged agreement to execute a contract of sale between Chicopee and Old Colony, interference by FNBB and FNBC with the contractual relations between Chicopee and Old Colony, misrepresentation, unjust enrichment and violation of Mass. Gen. Laws ch. 93A. They then claim indemnification from the third-party defendants on the theory that their alleged wrongful acts caused, or at least contributed to, the directors' liability in the main action.

Under the law of Massachusetts a right of indemnification exists as a matter of contract law only if there is a valid and binding contract between the indemnitor and indemnitee. *H. P. Hood & Sons, Inc. v. Ford Motor Co.*, 370 Mass. 69, 77, 345 N.E.2d 683 (1976). The third-party complaint alleges no such contract nor even any facts from which a contract might be inferred.

A right of indemnity may also exist in favor of a party who incurs tort liability as a result of the tortious acts of another. However, "[i]ndemnity is permitted only when one does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another." *Stewart v. Roy Bros. Inc.*, 358 Mass. 446, 459, 265 N.E.2d 357, 365 (1970). Such liability as the directors may incur in this case would not merely be the passive result of the wrongful acts attributed to third-party defendants, but would have to be based on their acts or omissions. See, *Hollywood Barbecue Co., Inc. v. Morse*, 314 Mass. 368, 50 N.E.2d 55 (1943) and *Gray v. Boston Gas Light Co.*, 114 Mass. 149 (1873). In addition, a finding of negligence against the directors in the main action may, in any event, be a defense to their claim for indemnity. *Stewart v. Roy Bros. Inc., supra*, 358 Mass. at 458, 265 N.E.2d 357. See, *Ford v. Flaherty*, 364 Mass. 382, 305 N.E.2d 112 (1973).

The directors rely on the reasoning of the California court in *Herrero v. Atkinson*, 227 Cal.App.2d 69, 38 Cal.Rptr. 490 (1964). However, in view of the clear pronouncements of the Massachusetts cases concerning indemnification, a federal court ought not impose a rule of a foreign jurisdiction. See, *Caso v. Lafayette Radio Electronics Corporation*, 370 F.2d 707, 710 (1st Cir. 1966).

Accordingly, the motion to dismiss the third-party complaint is allowed.