**Caleb MORGAN and Molly Heath, Plaintiffs,**

**v.**

**FINANCIAL PLANNING ADVISORS, INC., John A. Reilly, Individually and d/b/a Financial Benefit Consultants, and Helen Reilly, Robert S. Todd, Thomas Wheeler, Individually and d/b/a Thomas B. Wheeler Associates, Egil Stigum, Individually and d/b/a Egil Stigum & Associates and Massachusetts Mutual Life Insurance Company, Defendants.**

**FINANCIAL PLANNING ADVISORS, INC., John A. Reilly, Individually and d/b/a Financial Benefit Consultants and Helen Reilly, Third–Party Plaintiffs,**

**v.**

**Edward B. KALP, Richard G. Kayne, Robert S. Todd, and Thomas B. Wheeler, Third–Party Defendants.**

**Civ. A. No. 87–0255.**

United States District Court, D. Massachusetts.

Nov. 28, 1988.

Thomas E. Peckham, David C. Casey, Barry M. Altman, Peckham, Lobel, Casey & Tye, Boston, Mass., for plaintiffs.

Gary R. Greenberg and Lawrence R. Kulig, Goldstein & Manello, Boston, Mass., for Financial Planning Advisors, Inc., John A. Reilly, d/b/a Financial Benefit Consultants.

Michael J. Stone, Myles Hoisington, Posternak, Bnakstein and Lund, Boston, Mass., for Robert Todd.

Edward F. Rooney, Jr., Lyne, Woodworth & Evarts, Boston, Mass., for Thomas B. Wheeler.

Richard G. Kayne, Boston, Mass., pro se.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

The plaintiffs in this action brought suit against John Reilly and others alleging the defendants collectively defrauded them of large sums of money they invested in rare

coins by misrepresenting the value of the recommended coins. Defendants Financial Planning Advisors, Inc. (FPA), John Reilly, individually and d/b/a Financial Benefit Consultants, and Helen Reilly in turn brought a third-party action against Edward Kalp, Richard Kayne, Robert Todd and Thomas Wheeler. Robert Todd and Thomas Wheeler ask the Court to dismiss them as third-party defendants.

Plaintiffs Caleb Morgan and his mother Molly Heath entered into investment advisory agreements with John Reilly, d/b/a Financial Benefit Consultants to manage funds of $400,000 and $600,000 respectively. Both plaintiffs informed Reilly of their conservative investment objectives stressing income and preservation of capital.

On or about July 13, 1984, Mr. Reilly advised plaintiffs to invest a substantial portion of their funds in rare coins through Rare Coin Galleries of America, Inc. (RCGA). Mr. Reilly told the plaintiffs that his investigation revealed RCGA to be a leading and reputable coin dealer and that rare coins were a safe and prudent investment; RCGA guaranteed in writing a 20% annual return on its coins.

Although Reilly failed to have plaintiffs' coins independently appraised either prior to or after their purchase, Reilly represented in an analysis of plaintiffs' finances that the coins were worth markedly more than their purchase price.

On September 16, 1986, the FTC sued RCGA of Florida alleging RCGA defrauded investors nationwide of 28 million dollars by misrepresenting the grade and value of their coins. Consequently, shortly thereafter plaintiffs had the coins they purchased independently appraised and were advised that their coin portfolio was essentially worthless.

Defendants Wheeler, Stigum, Todd and Massachusetts Mutual are associated with RCGA, Financial Planning Advisors, Reilly and the plaintiffs as follows. Todd a licensed Massachusetts Mutual agent, was hired by Wheeler in 1982 as the equity coordinator for Thomas Wheeler Associates, a Boston agency of Massachusetts Mutual. Todd was authorized by Wheeler to investigate and recommend investment products to be sold through Massachusetts Mutual agents at Thomas Wheeler Associates and its district office, Financial Benefit Consultants.

In 1982, John Reilly was hired by Wheeler to work at Financial Benefit Consultants to help develop a financial planning capability for Thomas Wheeler Associates as a marketing strategy for Massachusetts Mutual products. Todd investigated RCGA and recommended to Wheeler that Massachusetts Mutual agents sell rare coins purchased through RCGA as investment options. Todd, Wheeler and the Massachusetts Mutual agent responsible for a rare coin sale would split the resulting commission. Upon Wheeler's approval, agents actively promoted the RCGA coins.

In the spring of 1983, Thomas Wheeler resigned from Wheeler and Associates to accept a position with the Massachusetts Mutual home office. At that time, Stigum replaced Wheeler as a Massachusetts Mutual general agent and changed the offices names to Egil Stigum and Associates. Stigum retained Todd as equity coordinator and continued the general agency's relationship with RCGA. In October 1984, Reilly resigned from Stigum Associates and incorporated as Financial Planning Advisors, Inc. Although no longer a career agent, Reilly d/b/a Financial Planning Advisors, remains a broker agent for Massachusetts Mutual.

Reilly, as a Massachusetts Mutual agent, advised plaintiffs to invest in rare coins purchased from RCGA. Although never disclosed to the plaintiffs, Reilly, Todd, Wheeler and Stigum all received a commission from RCGA on plaintiffs' investments in rare coins.

Shortly after plaintiffs filed this action, defendants Financial Planning Advisors, Inc. (FPA), John Reilly, individually and d/b/a Financial Benefit Consultants, and Helen Reilly filed a third-party complaint against Todd and Wheeler demanding indemnification and contribution for plaintiffs' claims against the third-party plaintiffs. As grounds for their complaint, third-party plaintiffs claim that any infor-

mation they provided to plaintiffs Morgan and Heath regarding rare coins and RCGA was given to Reilly by Todd and Wheeler. Consequently, third-party plaintiffs claim that any injuries suffered by Morgan and Heath were due solely to the errors, omissions, misrepresentations and negligence of Todd and Wheeler.

Todd and Wheeler contend that common-law indemnity is not available here as the right of indemnification exists only if FPA and the Reillys are exposed to liability by virtue of Todd and Wheeler's acts. I agree.

As a matter of contract law, Massachusetts recognizes a right of indemnification only where there is a valid contract between the defendant and the third party. *See Federal Deposit Ins. Corp. v. Caolo,* 478 F.Supp. 1185, 1186 (D.Mass.1979); *Decker v. Black and Decker Mfg. Co.,* 389 Mass. 35, 40–41, 449 N.E.2d 641 (1983). Such facts have not been pled in this case.

Indemnification is also available where a defendant incurs tort liability based exclusively on the acts or omissions of another. *See Toman v. Underwriters Laboratories, Inc.,* 707 F.2d 620, 621 (1st Cir.1983); *Fireside Motors, Inc. v. Nissan Motor Corp.,* 395 Mass. 366, 369–70, 479 N.E.2d 1386 (1985). Any liability attributable to FPA and the Reillys would be due to their own acts or omissions, not those imputed to Todd or Wheeler.

The Second Count for Contribution was waived by third party plaintiff at oral argument.

Accordingly, Robert Todd and Thomas Wheeler's motions to dismiss the third-party complaint are allowed.