Butler, J.
INTRODUCTION
This matter is before the court on third-party defendant Carolina M. Knapik’s motion to dismiss under Mass.R.Civ.P. 12(b)(6) and (8). Plaintiff Francis D. Knapik (Francis D.) originally brought a complaint against American Title Insurance Company (American Title) alleging violations of M.G.L.c. 93A, breach of contract, deceit, estoppel and negligence. American Title subsequently filed a complaint against third-party defendant William A. Elander (Elander) for breach of contract, negligence, contribution and indemnification. Plaintiff amended his complaint to include Elander as a defendant. Elander then filed a fourth-party[1] complaint against Carolina M. Knapik (Carolina) for contribution and indemnification allegedly arising from a breach of her fiduciary duty as trustee. For the reasons set forth below, Carolina’s motion to dismiss the fourth-party complaint against her is ALLOWED.
BACKGROUND
The facts, as taken from Elander’s fourth-party complaint and the incorporated amended complaint of Francis D. are as follows. In 1982, Francis J. Knapik (Francis J.) conveyed to his son, Francis D., the family property located in Grafton, Massachusetts, subject to a life estate held by Carolina. The deed read, in relevant part, “FRANCIS J. KNAPIK, Trustee for Francis D„ Kathleen K. Knapik and Sandra M. Knapik[2] . . . grants to FRANCIS D. KNAPIK, Individually.” In 1986, Carolina conveyed *166 her life estate to Francis D., who subsequently obtained insurance and a mortgage in the amount of $35,000.
Elander, as authorized agent for American Title, issued an opinion of title based upon his complete abstract of the state of title to this property. Relying on this title abstract, American Title issued to Francis D. an Owners Title Insurance Policy in the amount of $100,000.
In 1987, Sandra M. Snider (formerly Knapik) and Kathleen J. Aberizk (formerly Knapik) initiated a suit in the Worcester Probate and Family Court, Department of the Trial Court, seeking a determination of the appropriate ownership of the property. Justice Moynihan determined that the 1982 deed created a constructive trust with Francis J. as constructive trustee for the benefit of three children. After the court-ordered sale of the property, and the allowance of certain credits to the sisters, the proceeds after payment of debts and expenses were distributed to the sisters only. Francis D. received no portion of the proceeds. He then initiated suit against American Title to recover payment of the full amount of the Owner’s Title Insurance Policy which he purchased in 1986.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subj ect to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice ...” Ourfalian v. AroMJg. Co., 31 Mass.App.Ct. 294, 296 (1991).
The right to contribution exists “where two or more persons become jointly liable in tort for the same injury to person or property.” M.G.L.c. 231B, §l(a), as inserted by St. 1962, c. 730, §31. Section 1(b) further states that this right “shall exist only in favor of a joint tortfeasor.” M.G.L.c. 23IB, § 1 (b).
Elander’s claims against Carolina are for indemnification and contribution based upon her “conduct and/or breach of. . . fiduciary duty as trustee” for the benefit of her two daughters.
Elander attempts to characterize Carolina’s conveyance of her life estate to Francis D. in 1986 as a breach of that fiduciary duly. Assuming for the sake of this motion that claims of deceit, negligence, and violations of c. 93A fall -within the broad scope of the word “tort” in §l(a), Elander’s claim for contribution must nonetheless fail for the simple reason that Carolina’s conduct did not constitute tortious activity under c. 23 IB.
According to the recorded deed from Francis J. to Francis D. Knapik, Francis J. held a fiduciary duty as a trustee for Kathleen J. and Sandra M. as well as for Francis D. The deed failed to specify, however, that Carolina’s life estate was similarly held in trust. While the deed limited her ability to lease, assign or rent the life estate, it contained no provision restricting her right to convey or sell her interest. Additionally, after a full determination in the Probate and Family Court, Judge Moynihan’s order failed to characterize Carolina as a trustee for the benefit of her three children. In short, because Carolina never had a fiduciary duty to her daughters, her conveyance to Francis D. cannot constitute a tortious act. Thus, Elander cannot support his claim for contribution.
Similarly, his claim for indemnification must fail as there are no facts pleaded which would form the basis of contractual or common law indemnify. First, there was no contract between Elander and Carolina, express or implied.
To establish a claim for tort-based indemnify, Elander must be able to satisfy one of two recognized tests: the “vicarious and derivative” test or the “differing degree of fault” test. The vicarious and derivative test requires that the indemnitee did not join in the tortious conduct but was only legally responsible vicariously or derivatively. See generally Hollywood Barbecue Co., Inc. v. Morse, 314 Mass. 368, 369-70 (1943); Westfield v. Mayo, 122 Mass. 100, 109 (1877). An unstated requirement is that the indemnitor and indemnitee share a preexisting agency or contractual relationship. Nicholas P. Alexander, Developments in Indemnity Law: Express, Implied Contractual Tort-Based and Statutory, 79 Mass.L.Rev. 50, 56 (1994). Because Carolina never had any type of relationship with Elander, and because she did not commit a tortious act, Elander’s claim for indemnify must fail under this test.
The differing degree of fault test allows indemnify between tortfeasors if the indemnitee can both present a prima facie claim of liability against the indemnitor (usually judicially determined) and demonstrate avirtual lack of culpability by the indemnitee. See id. at 57. Although this test does not require a preexisting relationship between Carolina and Elander, the allegations in Elander’s third-party complaint do not satisfy either prong of this test. Drawing all inferences in favor of Elander, Eyal, supra, 411 Mass, at 429, this court is convinced that he can prove no set of facts to support his claim that Carolina was a trustee who breached a fiduciary duty. See Nader, supra, 372 Mass, at 98. Accordingly, Elander is not entitled to either contribution or indemnification from Carolina Knapik.
ORDER
For the foregoing reasons, third-party defendant Carolina M. Knapik’s motion to dismiss under Mass.R.Civ.P. 12(b)(6) is ALLOWED.

Elander has called his complaint against Carolina M. Knapik a third-party complaint.

Kathleen J. and Sandra M. Knapik are the daughters of Francis J. and Carolina Knapik.